## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MASSACHUSETTS EYE & EAR INFIRMARY,

**05  11229 NMG**

Plaintiff,

vs.                                                 No. _____

MAGISTRATE JUDGE Alexander

EUGENE B. CASEY FOUNDATION and
THOMAS F. REILLY, as he is the Attorney General
of The Commonwealth of Massachusetts,

Defendants.

RECEIPT # _____
AMOUNT $ 250
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 6/10/05

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, Defendant Eugene B.

Casey Foundation ("the Foundation") removes to this Court the state-court action described in

paragraph 1 below.

### THE REMOVED CASE

1.     The removed case is a civil action filed on May 11, 2005 in the Superior Court of

the Commonwealth of Massachusetts, Suffolk County, having been assigned Civil Action No.

05-1865A, and styled *Massachusetts Eye & Ear Infirmary v. Eugene B. Casey Foundation and*

*Thomas F. Reilly, as he is the Attorney General of The Commonwealth of Massachusetts.*

### PAPERS FROM REMOVED ACTION

2.     As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all

process, pleadings, and orders served upon the Foundation in the removed case.

### THE REMOVAL IS TIMELY

3.     The Foundation was served with a copy of the Complaint in the removed case on

June 2, 2005. This notice of removal is filed within 30 days of that service and, therefore, is

timely under 28 U.S.C § 1446(b).

## THE VENUE REQUIREMENT IS MET

4.      Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action was pending.

## CONSENTS TO REMOVAL

5.      Defendant Thomas F. Reilly, as Attorney General, is a fraudulently joined defendant as detailed below. Accordingly, it is not necessary to procure a consent from the Attorney General. *See Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983); *Coughlin v. Nationwide Mut. Ins. Co.*, 776 F.Supp. 626, 629 n.4 (D. Mass. 1991).

## DIVERSITY OF CITIZENSHIP EXISTS

6.      This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

7.      As admitted in the Complaint, the plaintiff has its principal place of business in Massachusetts. *See* Complaint ¶ 1.

8.      Defendant the Foundation is a not citizen of Massachusetts. *See* Complaint ¶ 2. The Foundation is not incorporated in Massachusetts, was not established pursuant to Massachusetts' Chapter 91 of the Acts of 1826, and does not have its principal place of business in Massachusetts. The Foundation's principal place of business is in Maryland.

9.      Defendant Thomas F. Reilly, in his capacity as Attorney General, a citizen of Massachusetts, is fraudulently joined. His citizenship must, therefore, be disregarded for purposes of diversity analysis. *See Coughlin*, 776 F.Supp. at 628-29 (finding fraudulent joinder where Massachusetts Insurance Commissioner was joined as an interested party but no claim

- 2 -

was stated against him); *Mills v. Allegiance Healthcare Corp.*, 178 F.Supp.2d 1, 4-5 (D. Mass. 2001) (disregarding the citizenship of a fraudulently joined non-diverse defendant in order to assert federal diversity jurisdiction over a case).

10.    Because the plaintiff is a citizen of Massachusetts, and the only proper defendant is not, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## THE NON-DIVERSE DEFENDANT, THOMAS G. REILLY, AS ATTORNEY GENERAL, HAS BEEN FRAUDULENTLY JOINED

11.    Joinder is fraudulent if the plaintiff's complaint fails to state a cause of action against the defendant whose joinder is in question. *See Carey v. Board of Governors of the Kernwood Country Club*, 337 F.Supp.2d 339, 343 (D. Mass. 2004). The doctrine of fraudulent joinder does not necessarily implicate an intentional or improper purpose of destroying diversity jurisdiction, but is a term of art used to describe the circumstance where a party's presence does not reflect the true parties to the dispute for diversity purposes. *See Coughlin*, 776 F.Supp. at 628 n.3.

12.    Plaintiff has asserted the following claims against the Foundation: a claim for Declaratory Judgment (Count I, ¶¶ 25-30) that the MEEI is entitled to keep certain funds; and a claim for "Damages" (Count II, ¶¶ 31-36) for an additional $1,000,000 to be paid by the Foundation. The allegations in the Complaint are insufficient to establish these claims as having anything to do with the Attorney General, who is referenced only in Paragraphs 3 and 6 of the Complaint and nowhere else. If a request for remand is based on the joinder of a non-diverse defendant who has no "real connection to the controversy, 'the right of removal cannot be defeated' and remand is inappropriate." *See Carey*, 337 F.Supp.2d at 341.

13.    Plaintiff does not allege that the Attorney General has caused any harm to it, threatened to cause any harm to it, or that he owes any duties to the MEEI. Plaintiff states only

- 3 -

the Attorney General "has statutory responsibility for the oversight of Massachusetts charities and the protection of charitable assets." *See* Compl. ¶3. This is not a cause of action. The Complaint contains no allegations as to how Plaintiff could obtain a judgment against the Attorney General, or as to what that judgment would be for.

14.    Because the Complaint fails to allege any viable causes of action against the Attorney General, Thomas F. Reilly, the Attorney General is fraudulently joined, and his citizenship must be disregarded for diversity purposes. *See Coughlin*, 776 F.Supp. at 628-29; *Mills*, 178 F.Supp.2d at 4-5.

15.    Because the plaintiff is a citizen of Massachusetts, and the only proper defendant is not, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

16.    The monetary value of the amount in controversy exceeds $75,000, exclusive of interests and costs.

17.    As stated in its Complaint, Plaintiff seeks damages in the amount of $1,000,000.

18.    Thus, the state court action may be removed to this Court by the Foundation in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the District of Massachusetts; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FILING OF REMOVAL PAPERS

19.    Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to plaintiffs' counsel, and a Notice of Filing of Notice of Removal is

simultaneously being filed with the Superior Court of the Commonwealth of Massachusetts, County of Suffolk. A true and correct copy of this Notice is attached hereto as Exhibit B.

**WHEREFORE**, the Foundation hereby removes the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, County of Suffolk, and requests that further proceedings be conducted in this Court as provided by law.

Dated: June 10, 2005.

Respectfully submitted,

By: _Barbara S. Hamelburg /PCT_

Barbara S. Hamelburg (BBO # 218670)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1000

Lynda Schuler
Ellen E. Oberwetter
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for the Eugene B. Casey Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of
above document was served upon
ney of record for each party by

6/10/05

# Commonwealth of Massachusetts

**SUFFOLK, ss.**



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No.____05-1865A_____

Massachusetts Eye & Ear Infirmary
_____ , Plaintiff(s)

· v. ·

Eugene B. Casey Foundation and Thomas F. Reilly,
as he is the Attorney General of the
_____ , Defendant(s)
Commonwealth of Massachusetts

## SUMMONS

To the above-named Defendant: Eugene B. Casey Foundation

    You are hereby summoned and required to serve upon _John C. Kane, Jr., Esq., Ropes &_ _Gray LLP_

plaintiff's attorney, whose address is _One International Place, Boston, MA 02110_ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    Witness, ~~Barbara J. Rouse~~, Esquire, at Boston, the_____11th_____ day of _May_ _____, in the year of our Lord two thousand _and five_ .

*Michael Joseph Donovan*

Clerk/Magistrate

**NOTES.**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 05-1865A

Massachusetts Eye & Ear Infirmary

, Plff(s).

v.

Eugene B. Casey Foundation and Thomas F. Reilly, as he is the Attorney General of the Commonwealth of Massachusetts

, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

, 200

**N.B.    TO PROCESS SERVER:-**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 200___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

Dated: _____, 200___.



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                    SUPERIOR COURT

|                                           | )  |
| :---------------------------------------- | :- |
| MASSACHUSETTS EYE & EAR                   | )  |
| INFIRMARY                                 | )  |
|                                           | )  |
|                   Plaintiff,              | )  |
|                                           | )  |
|         v.                                | )  |
|                                           | )  |
| EUGENE B. CASEY FOUNDATION                | )  |
| and THOMAS F. REILLY, as he is the        | )  |
| Attorney General of The                   | )  |
| Commonwealth of Massachusetts,            | )  |
|                                           | )  |
|                   Defendants.             | )  |
|                                           | )  |

Civil Action No. 0 5 - 1 8 6 5 A

```
┌─────────────────────────────────┐
│           RECEIVED              │
│                                 │
│         MAY 11 2005             │
│                                 │
│     SUPERIOR COURT · CIVIL      │
│    MICHAEL JOSEPH DONOVAN       │
│       CLERK / MAGISTRATE        │
└─────────────────────────────────┘
```

## COMPLAINT

This Complaint is brought by the Plaintiff Massachusetts Eye & Ear Infirmary ("MEEI")

for declaratory judgment pursuant to Mass. G. L. c. 231A and for payment of certain amounts

under a Contract between MEEI and the Defendant Eugene B. Casey Foundation (the

"Foundation").

### A.    THE PARTIES

1.    MEEI is a Massachusetts, non-profit charitable institution established pursuant to

Chapter 91 of the Acts of 1826. MEEI is a nationally preeminent institution specializing in the

treatment of, and teaching and research relating to, disorders of the eye, ear, nose, throat, head

and neck. MEEI is the primary Harvard teaching hospital in its areas of specialization. MEEI is

located at 243 Charles Street, Boston, Massachusetts, County of Suffolk.

9717068_2

2.     The Defendant Foundation is a private foundation which has been determined to be tax exempt pursuant to Section 501(c)(3) of the Internal Revenue Code. The Foundation's principal place of business is at 800 South Frederick Avenue, Suite 100, Gaithersburg, Maryland 20877.

3.     The defendant Thomas F. Reilly is joined in this action in his capacity as the Attorney General of The Commonwealth of Massachusetts. As such, Mr. Reilly has statutory responsibility for the oversight of Massachusetts charities and the protection of charitable assets.

### B.     JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over all common law claims presented herein, and statutory jurisdiction to enter a declaratory judgment pursuant to Mass. G. L. c. 231A.

5.     This Court may exercise personal jurisdiction over the Defendant Foundation by reason of its transaction of business in this Commonwealth within the meaning of Mass. G. L. c. 223A, § 3.

6.     Venue in this Court is appropriate pursuant to Mass. G. L. c. 223, § 1 since MEEI has its usual place of operations in Boston, County of Suffolk, and the Attorney General has his principal office in Suffolk County.

### C.     FACTS

7.     On or about November 27, 2002, the Foundation entered into a Contract with MEEI. A true and accurate copy of said Contract is attached hereto marked Exhibit 1.

8.     Pursuant to the Contract, the Foundation undertook to make seven payments totaling $2,000,000 to MEEI on specific dates set forth therein. The payments were to be used by "the Massachusetts Eye & Ear Infirmary to do the Voice Restoration Research Program."

9717068_2

-2-

9. Consistent with the terms of the Contract, payments in the amount of $500,000, $250,000, and $250,000 were made to the Massachusetts Eye & Ear Infirmary by checks dated December 1, 2002, April 1, 2003, and July 1, 2003.

10. In its Return of Private Foundation Form 990-PF filed with the Internal Revenue Service for its fiscal year ending August 31, 2003, the Foundation reported gifts totaling $1,000,000 to the "Massachusetts Eye & Ear Infirmary, Dept of Otology, 243 Charles Street, Boston MA 02114" identifying the recipient as a "Public Foundation" and the purpose for the gift as "Voice Restoration Program." A copy of the relevant pages of the 990-PF is attached hereto as Exhibit 2.

11. At the time the Foundation and MEEI entered into the Contract, Dr. Steven M. Zeitels was a member of the MEEI medical staff performing voice restoration research work, with others. Dr. Zeitels was employed full-time by an affiliated organization, Massachusetts Eye & Ear Associates, Inc. MEEI provided space and support staff to Dr. Zeitels as to numerous other physician clinician/teacher/researchers on its medical staff.

12. When the Contract was signed in late 2002, MEEI understood and agreed that the principal and income from gifts received thereunder were to be used solely in support of voice restoration research. MEEI has had for many years, and continues to have, a commitment to voice restoration. For example, in the 1980's, research on voice restoration for paralyzed vocal cords was conducted at MEEI that continues to the present. In the early 1990's, MEEI established a Voice Laboratory to support the research work in voice restoration of members of its medical staff other than Dr. Zeitels, who did not have an interest in this area at that time. In 1994 MEEI and Harvard Medical School established the Miriam-Montgomery Professorship in Laryngology, based on the interest of a donor in voice restoration. Among other areas of

research activity at MEEI is voice restoration after laryngectomy, and improvement in voice quality for professional singers with Laryngopharyngeal Reflux, which research has been submitted for national presentation. There was not at the time the Contract was signed, and is not at present, a "Voice Restoration Research Program" separate from MEEI.

13.    When MEEI agreed to accept money from the Foundation for voice restoration research, neither the Foundation nor Dr. Zeitels informed it of any intention or requirement to limit or condition the gift to the duration or continuation of Dr. Zeitels' service at MEEI.

14.    While MEEI in the past has accepted charitable gifts which were earmarked for the research of a particular physician on its staff, MEEI has not accepted charitable gifts which were conditioned on a physician's continued employment or association with it.

15.    Upon information and belief, for MEEI as a charitable institution to accept a gift conditioned upon the continued employment or association of a named physician would raise serious legal questions under the tax law and under Massachusetts charitable law.

16.    Apart from the legal questions referred to in the immediately preceding paragraph, such a condition would be contrary to the public interests in (a) protecting charitable assets, (b) providing certainty regarding the availability of charitable assets to accomplish charitable purposes, (c) enabling charitable organizations to request support from donors in reliance upon gifts from prior donors, and (d) preventing persons lacking any fiduciary obligation to a charitable institution from exercising control over the use of charitable assets.

17.    MEEI is holding the funds received from the Foundation as part of its endowment. MEEI has made expenditures from the fund in support of voice restoration research, including support of Dr. Zeitels' work at MEEI.

18.    On or about May 12, 2004 Dr. Zeitels informed MEEI by letter of his intention to resign from the full-time staff of MEEI effective June 30, 2004.

19.    By letter dated June 8, 2004, the Foundation wrote to Mrs. Elayn G. Byron of MEEI's Office of Research Administration, a copy of which letter is attached hereto marked Exhibit 3. The letter mischaracterizes both the Contract and the basis upon which MEEI accepted the Foundation's gift.

20.    Having received a subsequent letter dated August 12, 2004 from the Foundation's attorney, MEEI set forth its position regarding the gift and the Foundation's request that it be returned by letter dated August 26, 2004, a copy of which is attached hereto marked Exhibit 4.

21.    MEEI is in the process of appointing a highly qualified academic physician to the position of Miriam-Montgomery Professor of Laryngology at Harvard Medical School and Director of the Division of Laryngology at MEEI. The physician has strong qualifications and professional interest in voice restoration. The funds received from and pledged by the Foundation can and will be used by MEEI in performance of voice restoration research at MEEI under the direction of a new Director.

22.    Over the passage of several months from August 26, 2004, neither the Foundation nor its attorney have responded to the points raised in MEEI's August 26, 2004 letter. The Foundation instead has demanded return of the unexpended portion of the $1,000,000 delivered in 2002 and 2003, has refused to complete the payment required by the Contract to have been completed by July 1, 2004, and, most recently, has threatened to bring suit by May 13, 2005.

23.    MEEI is ready, willing and able to apply the full $2,000,000 amount of the Foundation's gift to the conduct of voice restoration research by researchers highly qualified to perform such research.

9717068_2

-5-

24.     As set forth above, an actual controversy has arisen between MEEI and the

Foundation.

## COUNT I ( DECLARATORY JUDGMENT)

25.     MEEI repeats and realleges paragraphs 1-24 of this Complaint as if fully set forth

herein.

26.     The Foundation intended to make a charitable gift of the three (3) checks dated

December 1, 2002, April 1, 2003 and July 1, 2003, totaling $1,000,000.

27.     The checks referred to in paragraph 26 of this Complaint were delivered on or

about their dates to MEEI.

28.     The Foundation has surrendered dominion and control over the checks referred to

in the immediately preceding paragraphs of this Complaint and the proceeds therefrom.

29.     A completed gift has been made of the proceeds of the three (3) checks referred to

in the immediately preceding paragraphs of this Complaint.

30.     MEEI is entitled to a declaration that the proceeds from these checks can be

retained by it, subject to the single condition that the principal and interest therefrom be used by

MEEI for voice restoration research.

## COUNT II (DAMAGES)

31.     MEEI repeats and realleges paragraphs 1-24 of this Complaint as if fully set forth

herein.

32.     Under the Contract, the Foundation was obligated to make four (4) payments in

the amount of $250,000 each, respectively, on October 1, 2003, January 1, 2004, April 1, 2004,

and July 1, 2004.

33.    The Foundation has failed to make the required payments on October 1, 2003,

January 1, 2004, April 1, 2004, and July 1, 2004.

34.    The Foundation has breached its obligation to make the above-listed payments on

their due dates.

35.    Gifts have been solicited by MEEI from donors other than the Foundation in

reliance upon the understanding that the Foundation had agreed to contribute $2,000,000 to

MEEI for voice restoration research.

36.    MEEI is entitled to recover the sum of $1,000,000 with interest thereon running

from the dates in 2003 and 2004 upon which the payments were due.

WHEREFORE, MEEI prays:

1.    For Declaratory Judgment on Count I of this Complaint;

2.    That the Foundation be directed to pay to it the sum of $1,000,000 plus interest

thereon pursuant to Count II of this Complaint;

3.    For such other and further relief as to this Court appears just and appropriate.

> MASSACHUSETTS EYE & EAR INFIRMARY
> By its attorneys,
>
> John C. Kane, Jr. (BBO #257480)
> Ropes & Gray LLP
> One International Place
> Boston, MA  02110-2624
> (617) 951-7000

Dated:  May 11, 2005

9717068_2

-7-

Exhibit 1

**Eugene B. Casey Foundation**
**800 South Frederick Avenue, Suite 100**
**Gaithersburg, Maryland  20877**

## CONTRACT

This is a contract and an understanding between the Eugene B. Casey Foundation and the Massachusetts Eye and Ear Infirmary of the Harvard Medical School in Boston, Massachusetts.

The Eugene B. Casey Foundation shall provide in progressive payments Two Million Dollars ($2,000,000) to the Massachusetts Eye and Ear Infirmary to do the Voice Restoration Research Program.

These payments shall be made as follows:

    $500,000 on December 1, 2002
     250,000 on April 1, 2003
     250,000 on July 1, 2003
     250,000 on October 1, 2003
     250,000 on January 1, 2004
     250,000 on April 1, 2004
     250,000 on July 1, 2004

The Massachusetts Eye and Ear Infirmary shall send written reports of this work every six (6) months (or more frequently if necessary or as requested) to the Eugene B. Casey Foundation.  It will send a final report on completion of the project.

**MASSACHUSETTS EYE AND EAR INFIRMARY**

_____
Dr. Steven M. Zeitels          Date

_____
Elayn G. Byron, CRA
Director, Research Administration

**THE EUGENE B. CASEY FOUNDATION**

_____  11/27/02
Mrs. Eugene B. Casey          Date

_____  11/27/02
Dr. Stephen N. Jones          Date

_____  1/27/02
W. James Price IV          Date

Exhibit 2

Form **990-PF**

Department of the Treasury
Internal Revenue Service

## Return of Private Foundation
### or Section 4947(a)(1) Nonexempt Charitable Trust
### Treated as a Private Foundation

*Note: The organization may be able to use a copy of this return to satisfy state reporting requirements*

OMB No 1545-0052

# 2002

For calendar year 2002, or tax year beginning **9/1/2002**, and ending **8/31/2003**

G Check all that apply. ☐ Initial return ☐ Final return ☐ Amended return ☐ Address change ☐ Name change

| Use the IRS label. Otherwise, print or type. See Specific instructions. | Name of organization **EUGENE B. CASEY FOUNDATION** | | A Employer Identification number **52-8220316** |
|---|---|---|---|
| | Number and street (or P O box number if mail is not delivered to street address) **800 S. FREDERICK AVE** | Room/suite **100** | B Telephone number (see page 10 of the instr ) **301-948-4595** |
| | City or town, state, and ZIP code **GAITHERSBURG** **MD** **20877** | | C If exemption application is pending, check here ► ☐ |
| | | | D 1 Foreign organizations, check here ► ☐ |
| | | | 2 Foreign organizations meeting the 85% test, check here ► ☐ |

H Check organization [X] Section 501(c)(3) exempt private foundation
☐ Section 4947(a)(1) nonexempt charitable trust ☐ Other taxable private foundation

E If private foundation status was terminated under section 507(b)(1)(A), check here ► ☐

I Fair market value of all assets at end of year (from Part II, col (c), line 16) ► $ **171,300,280**

J Accounting method ☐ Cash [X] Accrual ☐ Other (specify)
(Part I, column (d) must be on cash basis )

F If the foundation is in a 60-month termination under section 507(b)(1)(B), check here ► ☐

| Part I | Analysis of Revenue and Expenses *(The total of amounts in columns (b), (c), and (d) may not necessarily equal the amounts in column (a) (see page 10 of the instructions) )* | (a) Revenue and expenses per books | (b) Net investment income | (c) Adjusted net income | (d) Disbursements for charitable purposes (cash basis only) |
|---|---|---|---|---|---|
| 1 | Contributions, gifts, grants, etc , received | 4,500,000 | | | |
| | Check ► ☐ if the foundation is not required to attach Sch B | | | | |
| 2 | Distributions from split-interest trusts | | | | |
| 3 | Interest on savings and temporary cash investments | 1,006,768 | 1,006,768 | | |
| 4 | Dividends and interest from securities | 665,987 | 665,987 | | |
| 5 a | Gross rents | 1,707,391 | 1,707,391 | | |
| b | (Net rental income or (loss) **709,902** ) | | | | |
| 6 a | Net gain or (loss) from sale of assets not on line 10 | 13,022,212 | | | |
| b | G S P on assets on 6a **78,048,789** | | | | |
| 7 | Capital gain net income (from Part IV, line 2) | | 13,022,212 | | |
| 8 | Net short-term capital gain | | | 0 | |
| 9 | Income modifications | | | | |
| 10 a | Gross sales less returns and allowances | | | | |
| b | Less Cost of goods sold | | | | |
| c | Gross profit or (loss) (attach schedule) | | | | |
| 11 | Other income (attach schedule) | 282,107 | 282,107 | | |
| 12 | TOTAL Add lines 1 through 11 | 21,184,465 | 16,684,465 | 0 | |
| 13 | Compensation of officers, directors, trustees, etc | | | | |
| 14 | Other employees salaries and wages | | | | |
| 15 | Pension plans, employee benefits | | | | |
| 16 a | Legal fees (attach schedule) | 23,534 | 23,534 | | |
| b | Accounting fees (attach schedule) | 22,135 | 22,135 | | |
| c | Other professional fees (attach schedule) | | | | |
| 17 | Interest | 1,442 | 1,442 | | |
| 18 | Taxes (attach schedule) | 527,687 | 226,179 | | |
| 19 | Depreciation and depletion | 355,950 | 355,950 | | |
| 20 | Occupancy | | | | |
| 21 | Travel, conferences, and meetings | | | | |
| 22 | Printing and publications | | | | |
| 23 | Other expenses (attach schedule) | 980,817 | 980,817 | | |
| 24 | TOTAL OPERATING AND ADMINISTRATIVE EXPENSES Add lines 13 through 23 | 1,911,545 | 1,610,057 | 0 | 0 |
| 25 | Contributions, gifts, grants paid | 12,540,500 | | | 12,540,500 |
| 26 | TOTAL EXPENSES & DISBURSEMENTS Add lines 24 and 25 | 14,452,045 | 1,610,057 | 0 | 12,540,500 |
| 27 | Subtract line 26 from line 12 | | | | |
| a | EXCESS OF REVENUE OVER EXPENSES AND DISBURSEMENTS | 6,732,420 | | | |
| b | NET INVESTMENT INCOME (if negative, enter -0-) | | 15,074,408 | | |
| c | ADJUSTED NET INCOME (if negative, enter -0-) | | | 0 | |

(HTA) For Paperwork Reduction Act Notice, see the instructions. Form **990-PF** (2002)

| EUGENE B. CASEY FOUNDATION | | | |
| FORM 990-PF #52-4220316 | | | |
| YEAR ENDED AUGUST 31, 2003 | | | |

**PART XV - SUPPLEMENTARY INFORMATION**
Line 3 - Grants and Contributions Paid During the Year

| | Name, Address, Purpose | Foundation Status | Amount |
|---|---|---|---|
| 1 | Friends of Montgomery County | Public 9/30 | 10,000 |
| | 14211 Dufief Mill Rd | | |
| | Gaithersburg, MD 20878 | | |
| | General Support | | |
| 2 | Washington Opera | Public | 6,814,500 |
| | 2500 Virginia Avenue NW Ste 104 | | |
| | Washington, DC 20037 | | |
| | General Support | | |
| 3 | Judicial Watch | Public 12/31 | 1,000 |
| | 501 School St SW Ste 500 | | |
| | Washington, DC 20024 | | |
| | General Support | | |
| 4 | Heritage Foundation | Public 1/31 | 10,000 |
| | 214m Massachusetts Ave NE | | |
| | Washington, DC 20002 | | |
| | "Blessing the Next Generation Project" | | |
| 5 | Montgomery Hospice Foundation | Public | 135,000 |
| | 1450 Research Blvd Ste 310 | | |
| | Rockville, MD 20850 | | |
| | Eugene B Casey Endowment Fund at Casey House | | |
| 6 | Massachusetts Ear & Eye Infirmary | Public | 1,000,000 |
| | Dept of Otology | | |
| | 243 Charles St | | |
| | Boston, MA 02114 | | |
| | Voice Restoration Program | | |
| 7 | Georgetown University Medical Center | Public | 100,000 |
| | 3800 Reservoir Rd NW | | |
| | Washington, DC 20007 | | |
| | Additional contribution for planning and establishment of the Georgetown University Spine Center for Basic Science, Clinical Research and Care of Patients with Spinal Disorders | | |
| 8 | Duke Ellington School For Arts | Public | 100,000 |
| | 3500 R Street NW | | |
| | Washington, DC 20007 | | |
| | Dennis Graves Endowment Fund ( 600,000 to date) | | |
| 9 | Clean and Sober Streets | Public | 20,000 |
| | 1875 Eye Street NW Ste 900 | | |
| | Washington, DC 20016 | | |
| | General Support | | |

Exhibit 3

*Eugene B. Casey Foundation*
*800 South Frederick Avenue, Suite 100*
*Gaithersburg, Maryland 20877*
*(301) 948-4595*

June 8, 2004

Mrs. Elayn G. Bryon, Director
Office of Research Administration
Massachusetts Eye and Ear Infirmary
243 Charles Street
Boston, MA 02114

Dear Mrs. Bryon:

I wish to request that the Massachusetts Eye and Ear Infirmary promptly return to the Eugene B. Casey Foundation the unspent contributions and the appreciation earned on those funds donated by the Eugene B. Casey Foundation to support the research program of Dr. Steven Zeitels. The gift was given specifically to support his work exclusively and leadership in laryngology and phonosurgery. We understand, that effective July 1, 2004, Dr. Zeitels will move to the Massachusetts General Hospital and his research will no longer be centered at the Massachusetts Eye and Ear Infirmary.

We would further appreciate a full accounting of the Foundation's gifts, including additions, investment gains, and disbursements of funds, through the point of transfer of the full remaining balance, which we request be sent via electronic funds transfer to our account no later than June 21, 2004. The wiring instructions are as follows:

Provident Bank of Maryland
ABA# 252073018
114 East Lexington Street, Baltimore, MD 21202
Attn: Ron Perrell
Further Credit: Eugene B. Casey Foundation
Account No. 13071853

The Board of the Eugene B. Casey Foundation and I will greatly appreciate your prompt attention to this request. Please let me know if you have questions or require further information.

Thank you for your assistance with this matter and for your stewardship of the funding in support of Dr. Zeitels.

Sincerely,

Mrs. Eugene B. Casey
Chairman and President

TOTAL P.01

Exhibit 4

 **Massachusetts Eye and Ear Infirmary**

General Counsel

August 26, 2004

Lynda Schuler, Esq.
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901

Re:  Gift of the Eugene B. Casey Foundation

Dear Ms. Schuler:

We have reviewed your letter of August 12, 2004 and our records of the gift to the Massachusetts Eye & Ear Infirmary made by the Eugene B. Casey Foundation. The agreement between the Infirmary and the Foundation (a copy of which is attached hereto) entered into in 2002 (dated variously by each signatory between 11/27/02 and 12/02/02) states expressly that it is a contract between the Foundation and the Infirmary and provides for progressive payments of $2 million to the Infirmary "to do the Voice Restoration Research Program." The payments began on December 1, 2002 in the amount of $500,000 and two $250,000 payments were made over a period ending July 1, 2004. To date, payments totaling $1 million have been made and $1 million of the pledged amount remains unpaid.

I understand that representatives of the Foundation were impressed by the Voice Restoration Research Program to which Dr. Stephen Zeitels has made important contributions. As you know, Dr. Zeitels has left the full-time staff of the Infirmary and has joined the full-time staff of the Massachusetts General Hospital as of July 1, 2004. While we are sorry that Dr. Zeitels has left, the Infirmary remains the premier institution in New England and one of the premier institutions in the entire country for treatment of voice loss and related diseases. The Infirmary has an active ongoing Voice Restoration Program under the direction of Dr. Ramon Franco, Acting Director of Laryngology. We would be pleased to provide you with further information about that program.

While we understand that Mrs. Casey and representatives of the Foundation had a strong sense of Dr. Zeitels role in the Infirmary's voice restoration program, nowhere does the documentation of the gift require such a role. The funds were contributed to support research in areas of voice restoration. That is an area in which the Infirmary has had strong research programs in the past and continues to have a strong research program without regard to changes in personnel.

The Foundation gifts were made to the Infirmary, not to Dr. Zeitels individually, and the gifts have been administered as part of the substantial research funds contributed to and held by the Infirmary. The gifts were accepted by the Infirmary subject to the conditions imposed by the Foundation but nowhere was any condition expressed requiring that if Dr. Zeitels were to leave the full-time staff of the Infirmary, the funds would travel with him to another institution. It is

243 Charles Street
Boston, Massachusetts 02114-3096
casey2.ltr



**Massachusetts
Eye and Ear
Infirmary**

not uncommon for a high profile physician, such as Dr. Zeitels, to move from one institution to another. It could readily be contemplated by a donor and by Dr. Zeitels that Dr. Zeitels might at some future point leave the Infirmary, in which case he could not expect the Infirmary to transfer or relinquish gifts made to it for vital programs which it actively conducts without an express condition requiring such a transfer.

The Infirmary has a well-established policy that gifts to the Infirmary must be made to the Infirmary and not to any individual physician. Beyond the obvious point that a gift to an individual is not a deductible charitable gift and is subject to the gift tax regime, the donor generally intends a significant gift of this sort to a distinguished institution to benefit the public. A gift just to an individual furthers the objectives of that individual, not the institution. The Infirmary's staff and the policies are well-known to its staff, and were designed to promote the stability of the Infirmary's reliance on research funds and to clarify the presentation of donor's funds on the Infirmary's financial statements.

The Infirmary is a charitable organization operated under the laws of the Commonwealth of Massachusetts. The funds received from the Foundation were accepted as charitable gifts for which an income tax deduction was taken (though I understand that the gift to the Foundation was made prior to the transfer to the Infirmary). The Foundation, as you know, is a private foundation, and as such is prohibited from making gifts directly to individuals. If a donor retains a right to direct a charitable gift away from the donee institution, that would suggest that no completed gift has been made. There was no indication in the terms of the Foundation's gift that that was the donor's intention.

The Office of the Attorney General of Massachusetts has a strong interest in seeing that Massachusetts institutions act as good stewards of funds contributed to them. Mass. Gen. Laws Chapter 12, Section 8 gives the Attorney General's Office the right to supervise all funds given for charitable purposes. The Attorney General's Office, in general, opposes any transfer of contributed funds held by a Massachusetts institution on a voluntary basis to another institution, with the limited exceptions of transfers to meet a compelling need or between related corporations with overlapping boards, neither of which meet the facts of the current situation.

Of additional importance is the obligation of the Infirmary to its other donors who have made contributions in reliance on the fact that many donors have made substantial gifts for the support of Infirmary programs. If funds were to be relinquished by the Infirmary to an unrelated institution, that suggests that the Infirmary is not willing or able to act as a good steward or fiduciary of those funds or does not have a true need for the funds.

In summary, the Infirmary has a right under the terms of the agreement with the Foundation to receive additional payments totaling $1 million. Those payments are now due in full. The Attorney General is entitled to ask why no effort has been made to collect those payments. The Infirmary has no obligation to make any transfer of funds contributed by the Casey Foundation to any other institution, and, if it were to do so, would have to carefully consider the consequences of that action.

caseyzeit


**Massachusetts Eye and Ear Infirmary**

Sincerely yours,

Barbara F. Katz
General Counsel

cc:    Carolyn M. Osteen

caseyzeit

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, ss.                                                          SUPERIOR COURT

MASSACHUSETTS EYE & EAR INFIRMARY,    )
                                                                      )
        Plaintiff,                               )
                                                                      )
vs.                                                                   )    Civil Action No. 05-1865A
                                                                      )
EUGENE B. CASEY FOUNDATION and        )
THOMAS F. REILLY, as he is the Attorney General  )
of The Commonwealth of Massachusetts,    )
                                                                      )
        Defendants.                             )

**NOTICE OF FILING OF NOTICE OF REMOVAL**

        Please take notice that the Eugene B. Casey Foundation removed the above-captioned

action from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, where

it was originally filed, to the United States District Court for the District of Massachusetts

(Eastern Division).

        Attached hereto as Exhibit A, and made a part hereof, is a copy of the Notice of Removal

that was filed in the United States District Court and all exhibits thereto.

Dated:  June 10, 2005.

                          Respectfully submitted,

                          By: Barbara Hamelburg/RCT

                          Barbara Hamelburg, Esq.
                          FOLEY HOAG LLP
                          155 Seaport Boulevard
                          Boston, Massachusetts  02210-2600
                          (617) 832-1000

Lynda Schuler, Esq.
Ellen E. Oberwetter, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for the Eugene B. Casey Foundation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Eugene B. Casey Foundation's

Notice of Filing of Notice of Removal was served this date, June 10, 2005 via first-class mail,

postage prepaid to the following:

John C. Kane, Jr.
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624

Jamie Katz
Office of the Attorney General
McCormack Building
One Ashburton Place
Boston, MA 02108

Robert Toone

# CIVIL COVER SHEET

*name*

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MASSACHUSETTS EYE & EAR INFIRMARY

### DEFENDANTS
EUGENE B. CASEY FOUNDATION and THOMAS F. REILLY, as he is Attorney General of the Commonwealth of Massachusetts

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Barbara Hamelburg
Foley Hoag LLP
155 Seaport Boulevard, Boston, MA 02210-2600
617-832-1000

ATTORNEYS (IF KNOWN)

John C. Kane
Ropes & Gray LLP
One International Place, Boston, MA 02110
(617) 951-7000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. GOVERNMENT Plaintiff

☐ 3 FEDERAL QUESTION (US Government Not a Party)

☐ 2 U.S. GOVERNMENT Defendant

☒ 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (place an "x" in One box for Plaintiff and One box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One BOX Only)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholder Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PERSONAL INJURY**
☐ 362 Personal Injury - Medical Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards act
☐ 720 Labor/Mgmt. Relation
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395 ff)
☐ 862 Black Lung (923)
☐ 863 D/WC DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commercial/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause: This is a dispute concerning a contract between the plaintiff and the Eugene B. Casey Foundation regarding the funding of plaintiff's Voice Restoration Research Program.

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):
JUDGE _____ DOCKET NUMBER _____

DATE June 10, 2005

SIGNATURE OF ATTORNEY OF RECORD *Barbara Hamelburg / RCT*

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG.JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Massachusetts Eye & Ear Infirmary v. Eugene B. Casey Foundation, et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ☐   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐   II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950            for patent, trademark or copyright cases

   ☒   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ☐   IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ☐   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?                                                                                            YES ☐       NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC § 2403)                                                         YES ☐       NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?                      YES ☐       NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC § 2284?                                                                           YES ☐       NO ☒

7. DO ALL PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION?(SEE LOCAL RULE 40.1(D))

                                                                                                 YES ☒       NO ☐

        A.    If yes, in which division do all of the non-governmental parties reside?

              Eastern Division ☒            Central Division ☐              Western Division ☐

        B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

              Eastern Division ☐            Central Division ☐              Western Division ☐

8. IF FILING A NOTICE OF REMOVAL – ARE THERE ANY MOTIONS PENDING IN THE STATE COURT REQUIRING THE ATTENTION OF THIS COURT? (IF YES, SUBMIT A SEPARATE SHEET IDENTIFYING THE MOTIONS)

                                                                                                 YES ☐       NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Barbara Hamelburg

ADDRESS Foley Hoag LLP, 155 Seaport Boulevard, Boston, MA 02210-2600

TELEPHONE NO (617) 832-1000

(Categfrm.rev-3/3/05)   2806155