**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

MASSACHUSETTS EYE & EAR INFIRMARY, )
Plaintiff, )
vs. ) No. 05-11229 NMG
EUGENE B. CASEY FOUNDATION and THOMAS F. REILLY, as he is the Attorney General of The Commonwealth of Massachusetts, )
Defendants. )

**NOTICE OF FILING CERTIFIED COPIES OF STATE COURT RECORDS**

Pursuant to Rule 81.1 of the Local Rules of the United States District Court for the District of Massachusetts, defendant Eugene B. Casey Foundation hereby files certified copies of all records and proceedings in the state court action (Suffolk Superior Court Civil Action No. 05-1865), including the list of docket entries.

EUGENE B. CASEY FOUNDATION

By: Barbara S. Hamelburg

Barbara S. Hamelburg (BBO # 218670)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1000

Lynda Schuler
Ellen E. Oberwetter
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Dated: June 22, 2005

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL-HAND ON 6/22/05

Suffolk Superior Civil # 05-1865 A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS EYE & EAR INFIRMARY,<br>Plaintiff,<br><br>vs.<br><br>EUGENE B. CASEY FOUNDATION and THOMAS F. REILLY, as he is the Attorney General of The Commonwealth of Massachusetts,<br><br>Defendants. | 05 11229 NMG<br><br>No. |

I hereby certify on [illegible] that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☒ original filed in my office on [illegible]
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By:
Deputy Clerk

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, Defendant Eugene B. Casey Foundation ("the Foundation") removes to this Court the state-court action described in paragraph 1 below.

**THE REMOVED CASE**

1. The removed case is a civil action filed on May 11, 2005 in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, having been assigned Civil Action No. 05-1865A, and styled *Massachusetts Eye & Ear Infirmary v. Eugene B. Casey Foundation and Thomas F. Reilly, as he is the Attorney General of The Commonwealth of Massachusetts.*

**PAPERS FROM REMOVED ACTION**

2. As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process, pleadings, and orders served upon the Foundation in the removed case.

**THE REMOVAL IS TIMELY**

3. The Foundation was served with a copy of the Complaint in the removed case on June 2, 2005. This notice of removal is filed within 30 days of that service and, therefore, is timely under 28 U.S.C § 1446(b).

**THE VENUE REQUIREMENT IS MET**

4. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action was pending.

**CONSENTS TO REMOVAL**

5. Defendant Thomas F. Reilly, as Attorney General, is a fraudulently joined defendant as detailed below. Accordingly, it is not necessary to procure a consent from the Attorney General. *See Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983); *Coughlin v. Nationwide Mut. Ins. Co.*, 776 F.Supp. 626, 629 n.4 (D. Mass. 1991).

**DIVERSITY OF CITIZENSHIP EXISTS**

6. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

7. As admitted in the Complaint, the plaintiff has its principal place of business in Massachusetts. *See* Complaint ¶ 1.

8. Defendant the Foundation is a not citizen of Massachusetts. *See* Complaint ¶ 2. The Foundation is not incorporated in Massachusetts, was not established pursuant to Massachusetts' Chapter 91 of the Acts of 1826, and does not have its principal place of business in Massachusetts. The Foundation's principal place of business is in Maryland.

9. Defendant Thomas F. Reilly, in his capacity as Attorney General, a citizen of Massachusetts, is fraudulently joined. His citizenship must, therefore, be disregarded for purposes of diversity analysis. *See Coughlin*, 776 F.Supp. at 628-29 (finding fraudulent joinder where Massachusetts Insurance Commissioner was joined as an interested party but no claim

was stated against him); *Mills v. Allegiance Healthcare Corp.*, 178 F.Supp.2d 1, 4-5 (D. Mass. 2001) (disregarding the citizenship of a fraudulently joined non-diverse defendant in order to assert federal diversity jurisdiction over a case).

10. Because the plaintiff is a citizen of Massachusetts, and the only proper defendant is not, complete diversity of citizenship exists under 28 U.S.C. § 1332.

**THE NON-DIVERSE DEFENDANT, THOMAS G. REILLY, AS ATTORNEY GENERAL, HAS BEEN FRAUDULENTLY JOINED**

11. Joinder is fraudulent if the plaintiff's complaint fails to state a cause of action against the defendant whose joinder is in question. *See Carey v. Board of Governors of the Kernwood Country Club*, 337 F.Supp.2d 339, 343 (D. Mass. 2004). The doctrine of fraudulent joinder does not necessarily implicate an intentional or improper purpose of destroying diversity jurisdiction, but is a term of art used to describe the circumstance where a party's presence does not reflect the true parties to the dispute for diversity purposes. *See Coughlin*, 776 F.Supp. at 628 n.3.

12. Plaintiff has asserted the following claims against the Foundation: a claim for Declaratory Judgment (Count I, ¶¶ 25-30) that the MEEI is entitled to keep certain funds; and a claim for "Damages" (Count II, ¶¶ 31-36) for an additional $1,000,000 to be paid by the Foundation. The allegations in the Complaint are insufficient to establish these claims as having anything to do with the Attorney General, who is referenced only in Paragraphs 3 and 6 of the Complaint and nowhere else. If a request for remand is based on the joinder of a non-diverse defendant who has no "real connection to the controversy, 'the right of removal cannot be defeated' and remand is inappropriate." *See Carey*, 337 F.Supp.2d at 341.

13. Plaintiff does not allege that the Attorney General has caused any harm to it, threatened to cause any harm to it, or that he owes any duties to the MEEI. Plaintiff states only

the Attorney General "has statutory responsibility for the oversight of Massachusetts charities and the protection of charitable assets." *See* Compl. ¶3. This is not a cause of action. The Complaint contains no allegations as to how Plaintiff could obtain a judgment against the Attorney General, or as to what that judgment would be for.

14. Because the Complaint fails to allege any viable causes of action against the Attorney General, Thomas F. Reilly, the Attorney General is fraudulently joined, and his citizenship must be disregarded for diversity purposes. *See Coughlin*, 776 F.Supp. at 628-29; *Mills*, 178 F.Supp.2d at 4-5.

15. Because the plaintiff is a citizen of Massachusetts, and the only proper defendant is not, complete diversity of citizenship exists under 28 U.S.C. § 1332.

**THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

16. The monetary value of the amount in controversy exceeds $75,000, exclusive of interests and costs.

17. As stated in its Complaint, Plaintiff seeks damages in the amount of $1,000,000.

18. Thus, the state court action may be removed to this Court by the Foundation in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the District of Massachusetts; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**FILING OF REMOVAL PAPERS**

19. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to plaintiffs' counsel, and a Notice of Filing of Notice of Removal is

simultaneously being filed with the Superior Court of the Commonwealth of Massachusetts, County of Suffolk. A true and correct copy of this Notice is attached hereto as Exhibit B.

**WHEREFORE**, the Foundation hereby removes the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, County of Suffolk, and requests that further proceedings be conducted in this Court as provided by law.

Dated: June 10, 2005.

Respectfully submitted,

By: Barbara S. Hamelburg /RCT

Barbara S. Hamelburg (BBO # 218670)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1000

Lynda Schuler
Ellen E. Oberwetter
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for the Eugene B. Casey Foundation*

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by
6/10/05

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, ss. SUPERIOR COURT

MASSACHUSETTS EYE & EAR INFIRMARY,
Plaintiff,
vs.
EUGENE B. CASEY FOUNDATION and THOMAS F. REILLY, as he is the Attorney General of The Commonwealth of Massachusetts,
Defendants.

Civil Action No. 05-1865A

**NOTICE OF FILING OF NOTICE OF REMOVAL**

Please take notice that the Eugene B. Casey Foundation removed the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, where it was originally filed, to the United States District Court for the District of Massachusetts (Eastern Division).

Attached hereto as Exhibit A, and made a part hereof, is a copy of the Notice of Removal that was filed in the United States District Court and all exhibits thereto.

Dated: June 10, 2005.

Respectfully submitted,

By: Barbara Hamelburg /RCT

Barbara Hamelburg, Esq.
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1000

Lynda Schuler, Esq.
Ellen E. Oberwetter, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for the Eugene B. Casey Foundation*

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2005-01865
## Massachusetts Eye & Ear Infirmary v Eugene B Casey Foundation et al

| | | | |
|---|---|---|---|
| **File Date** | 05/11/2005 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 06/13/2005 | **Session** | A - Civil A, 3 Pemberton Square, Boston |
| **Origin** | 1 | **Case Type** | A99 - Misc contract |
| **Lead Case** | | **Track** | F |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 08/09/2005 | **Answer** | 10/08/2005 | **Rule12/19/20** | 10/08/2005 |
| **Rule 15** | 10/08/2005 | **Discovery** | 03/07/2006 | **Rule 56** | 04/06/2006 |
| **Final PTC** | 05/06/2006 | **Disposition** | 07/05/2006 | **Jury Trial** | No |

### PARTIES

**Plaintiff**
Massachusetts Eye & Ear Infirmary
Active 05/11/2005

**Private Counsel 257480**
John C Kane Jr
Ropes & Gray
1 International Place
Boston, MA 02110-2624
Phone: 617-951-7775
Fax: 617-951-7050
Active 05/11/2005 Notify

**Defendant**
Eugene B Casey Foundation
Service pending 05/11/2005

**Private Counsel 218670**
Barbara S Hamelburg
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
Phone: 617-832-1000
Fax: 617-832-7000
Active 06/13/2005 Notify

**Defendant**
Thomas F Reilly, Atty General of Comm of Mass
Served: 06/02/2005
Served (answr pending) 06/06/2005

I HEREBY ATTEST AND CERTIFY ON JUNE 13, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]
ASSISTANT CLERK.

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/11/2005 | 1.0 | Complaint |
| 05/11/2005 | | Origin 1, Type A99, Track F. |
| 05/11/2005 | 2.0 | Civil action cover sheet filed |
| 06/06/2005 | 3.0 | Affidavit and Summons re: Thomas F Reilly, Atty General of Comm of Mass(Defendant) (Accepted by Johanna Soris) |
| 06/10/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Eugene B. Casey Foundation U. S. Dist.#(0511229NMG). |
| 06/13/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss. SUPERIOR COURT

Civil Action No. 05-1865 A

MASSACHUSETTS EYE & EAR INFIRMARY

Plaintiff,

v.

EUGENE B. CASEY FOUNDATION and THOMAS F. REILLY, as he is the Attorney General of The Commonwealth of Massachusetts,

Defendants.

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
2005 MAY 11 P 12: 31
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

**COMPLAINT**

This Complaint is brought by the Plaintiff Massachusetts Eye & Ear Infirmary ("MEEI") for declaratory judgment pursuant to Mass. G. L. c. 231A and for payment of certain amounts under a Contract between MEEI and the Defendant Eugene B. Casey Foundation (the "Foundation").

## A. THE PARTIES

1. MEEI is a Massachusetts, non-profit charitable institution established pursuant to Chapter 91 of the Acts of 1826. MEEI is a nationally preeminent institution specializing in the treatment of, and teaching and research relating to, disorders of the eye, ear, nose, throat, head and neck. MEEI is the primary Harvard teaching hospital in its areas of specialization. MEEI is located at 243 Charles Street, Boston, Massachusetts, County of Suffolk.

2. The Defendant Foundation is a private foundation which has been determined to be tax exempt pursuant to Section 501(c)(3) of the Internal Revenue Code. The Foundation's principal place of business is at 800 South Frederick Avenue, Suite 100, Gaithersburg, Maryland 20877.

3. The defendant Thomas F. Reilly is joined in this action in his capacity as the Attorney General of The Commonwealth of Massachusetts. As such, Mr. Reilly has statutory responsibility for the oversight of Massachusetts charities and the protection of charitable assets.

## B. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over all common law claims presented herein, and statutory jurisdiction to enter a declaratory judgment pursuant to Mass. G. L. c. 231A.

5. This Court may exercise personal jurisdiction over the Defendant Foundation by reason of its transaction of business in this Commonwealth within the meaning of Mass. G. L. c. 223A, § 3.

6. Venue in this Court is appropriate pursuant to Mass. G. L. c. 223, § 1 since MEEI has its usual place of operations in Boston, County of Suffolk, and the Attorney General has his principal office in Suffolk County.

## C. FACTS

7. On or about November 27, 2002, the Foundation entered into a Contract with MEEI. A true and accurate copy of said Contract is attached hereto marked Exhibit 1.

8. Pursuant to the Contract, the Foundation undertook to make seven payments totaling $2,000,000 to MEEI on specific dates set forth therein. The payments were to be used by "the Massachusetts Eye & Ear Infirmary to do the Voice Restoration Research Program."

9. Consistent with the terms of the Contract, payments in the amount of $500,000, $250,000 and $250,000 were made to the Massachusetts Eye & Ear Infirmary by checks dated December 1, 2002, April 1, 2003, and July 1, 2003.

10. In its Return of Private Foundation Form 990-PF filed with the Internal Revenue Service for its fiscal year ending August 31, 2003, the Foundation reported gifts totaling $1,000,000 to the "Massachusetts Eye & Ear Infirmary, Dept of Otology, 243 Charles Street, Boston MA 02114" identifying the recipient as a "Public Foundation" and the purpose for the gift as "Voice Restoration Program." A copy of the relevant pages of the 990-PF is attached hereto as Exhibit 2.

11. At the time the Foundation and MEEI entered into the Contract, Dr. Steven M. Zeitels was a member of the MEEI medical staff performing voice restoration research work, with others. Dr. Zeitels was employed full-time by an affiliated organization, Massachusetts Eye & Ear Associates, Inc. MEEI provided space and support staff to Dr. Zeitels as to numerous other physician clinician/teacher/researchers on its medical staff.

12. When the Contract was signed in late 2002, MEEI understood and agreed that the principal and income from gifts received thereunder were to be used solely in support of voice restoration research. MEEI has had for many years, and continues to have, a commitment to voice restoration. For example, in the 1980's, research on voice restoration for paralyzed vocal cords was conducted at MEEI that continues to the present. In the early 1990's, MEEI established a Voice Laboratory to support the research work in voice restoration of members of its medical staff other than Dr. Zeitels, who did not have an interest in this area at that time. In 1994 MEEI and Harvard Medical School established the Miriam-Montgomery Professorship in Laryngology, based on the interest of a donor in voice restoration. Among other areas of

research activity at MEEI is voice restoration after laryngectomy, and improvement in voice quality for professional singers with Laryngopharyngeal Reflux, which research has been submitted for national presentation. There was not at the time the Contract was signed, and is not at present, a "Voice Restoration Research Program" separate from MEEI.

13. When MEEI agreed to accept money from the Foundation for voice restoration research, neither the Foundation nor Dr. Zeitels informed it of any intention or requirement to limit or condition the gift to the duration or continuation of Dr. Zeitels' service at MEEI.

14. While MEEI in the past has accepted charitable gifts which were earmarked for the research of a particular physician on its staff, MEEI has not accepted charitable gifts which were conditioned on a physician's continued employment or association with it.

15. Upon information and belief, for MEEI as a charitable institution to accept a gift conditioned upon the continued employment or association of a named physician would raise serious legal questions under the tax law and under Massachusetts charitable law.

16. Apart from the legal questions referred to in the immediately preceding paragraph, such a condition would be contrary to the public interests in (a) protecting charitable assets, (b) providing certainty regarding the availability of charitable assets to accomplish charitable purposes, (c) enabling charitable organizations to request support from donors in reliance upon gifts from prior donors, and (d) preventing persons lacking any fiduciary obligation to a charitable institution from exercising control over the use of charitable assets.

17. MEEI is holding the funds received from the Foundation as part of its endowment. MEEI has made expenditures from the fund in support of voice restoration research, including support of Dr. Zeitels' work at MEEI.

18. On or about May 12, 2004 Dr. Zeitels informed MEEI by letter of his intention to resign from the full-time staff of MEEI effective June 30, 2004.

19. By letter dated June 8, 2004, the Foundation wrote to Mrs. Elayn G. Byron of MEEI's Office of Research Administration, a copy of which letter is attached hereto marked Exhibit 3. The letter mischaracterizes both the Contract and the basis upon which MEEI accepted the Foundation's gift.

20. Having received a subsequent letter dated August 12, 2004 from the Foundation's attorney, MEEI set forth its position regarding the gift and the Foundation's request that it be returned by letter dated August 26, 2004, a copy of which is attached hereto marked Exhibit 4.

21. MEEI is in the process of appointing a highly qualified academic physician to the position of Miriam-Montgomery Professor of Laryngology at Harvard Medical School and Director of the Division of Laryngology at MEEI. The physician has strong qualifications and professional interest in voice restoration. The funds received from and pledged by the Foundation can and will be used by MEEI in performance of voice restoration research at MEEI under the direction of a new Director.

22. Over the passage of several months from August 26, 2004, neither the Foundation nor its attorney have responded to the points raised in MEEI's August 26, 2004 letter. The Foundation instead has demanded return of the unexpended portion of the $1,000,000 delivered in 2002 and 2003, has refused to complete the payment required by the Contract to have been completed by July 1, 2004, and, most recently, has threatened to bring suit by May 13, 2005.

23. MEEI is ready, willing and able to apply the full $2,000,000 amount of the Foundation's gift to the conduct of voice restoration research by researchers highly qualified to perform such research.

24. As set forth above, an actual controversy has arisen between MEEI and the Foundation.

**COUNT I ( DECLARATORY JUDGMENT)**

25. MEEI repeats and realleges paragraphs 1-24 of this Complaint as if fully set forth herein.

26. The Foundation intended to make a charitable gift of the three (3) checks dated December 1, 2002, April 1, 2003 and July 1, 2003, totaling $1,000,000.

27. The checks referred to in paragraph 26 of this Complaint were delivered on or about their dates to MEEI.

28. The Foundation has surrendered dominion and control over the checks referred to in the immediately preceding paragraphs of this Complaint and the proceeds therefrom.

29. A completed gift has been made of the proceeds of the three (3) checks referred to in the immediately preceding paragraphs of this Complaint.

30. MEEI is entitled to a declaration that the proceeds from these checks can be retained by it, subject to the single condition that the principal and interest therefrom be used by MEEI for voice restoration research.

**COUNT II (DAMAGES)**

31. MEEI repeats and realleges paragraphs 1-24 of this Complaint as if fully set forth herein.

32. Under the Contract, the Foundation was obligated to make four (4) payments in the amount of $250,000 each, respectively, on October 1, 2003, January 1, 2004, April 1, 2004, and July 1, 2004.

33. The Foundation has failed to make the required payments on October 1, 2003, January 1, 2004, April 1, 2004, and July 1, 2004.

34. The Foundation has breached its obligation to make the above-listed payments on their due dates.

35. Gifts have been solicited by MEEI from donors other than the Foundation in reliance upon the understanding that the Foundation had agreed to contribute $2,000,000 to MEEI for voice restoration research.

36. MEEI is entitled to recover the sum of $1,000,000 with interest thereon running from the dates in 2003 and 2004 upon which the payments were due.

WHEREFORE, MEEI prays:

1. For Declaratory Judgment on Count I of this Complaint;

2. That the Foundation be directed to pay to it the sum of $1,000,000 plus interest thereon pursuant to Count II of this Complaint;

3. For such other and further relief as to this Court appears just and appropriate.

MASSACHUSETTS EYE & EAR INFIRMARY
By its attorneys,

John C. Kane, Jr. (BBO #257480)
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

Dated: May 11, 2005

I HEREBY ATTEST AND CERTIFY ON JUNE 13, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: ASSISTANT CLERK.

9717068_2

Exhibit 1

Eugene B. Casey Foundation
800 South Frederick Avenue, Suite 100
Gaithersburg, Maryland 20877

CONTRACT

This is a contract and an understanding between the Eugene B. Casey Foundation and the Massachusetts Eye and Ear Infirmary of the Harvard Medical School in Boston, Massachusetts.

The Eugene B. Casey Foundation shall provide in progressive payments Two Million Dollars ($2,000,000) to the Massachusetts Eye and Ear Infirmary to do the Voice Restoration Research Program.

These payments shall be made as follows:

$500,000 on December 1, 2002
250,000 on April 1, 2003
250,000 on July 1, 2003
250,000 on October 1, 2003
250,000 on January 1, 2004
250,000 on April 1, 2004
250,000 on July 1, 2004

The Massachusetts Eye and Ear Infirmary shall send written reports of this work every six (6) months (or more frequently if necessary or as requested) to the Eugene B. Casey Foundation. It will send a final report on completion of the project.

MASSACHUSETTS EYE AND EAR INFIRMARY

Dr. Steven M. Zeitels Date

12/2/02
Elayn G. Byron, CRA
Director, Research Administration

THE EUGENE B. CASEY FOUNDATION

11/27/02
Mrs. Eugene B. Casey Date

11/27/02
Dr. Stephen N. Jones Date

11/27/02
W. James Price IV Date

Exhibit 2

Form **990-PF**

Department of the Treasury
Internal Revenue Service

# Return of Private Foundation

**or Section 4947(a)(1) Nonexempt Charitable Trust**
**Treated as a Private Foundation**

Note: *The organization may be able to use a copy of this return to satisfy state reporting requirements*

OMB No 1545-0052

**2002**

For calendar year 2002, or tax year beginning 9/1/2002 , and ending 8/31/2003

G Check all that apply ☐ Initial return ☐ Final return ☐ Amended return ☐ Address change ☐ Name change

Use the IRS label. Otherwise, print or type. See Specific Instructions.

Name of organization: EUGENE B. CASEY FOUNDATION

A Employer identification number: 52-6220316

Number and street (or P O box number if mail is not delivered to street address): 800 S. FREDERICK AVE — Room/suite: 100

B Telephone number (see page 10 of the instr ): 301-948-4595

City or town, state, and ZIP code: GAITHERSBURG MD 20877

C If exemption application is pending, check here ► ☐

D 1 Foreign organizations, check here ► ☐

2 Foreign organizations meeting the 85% test, check here ► ☐

H Check organization ☒ Section 501(c)(3) exempt private foundation ☐ Section 4947(a)(1) nonexempt charitable trust ☐ Other taxable private foundation

E If private foundation status was terminated under section 507(b)(1)(A), check here ► ☐

I Fair market value of all assets at end of year (from Part II, col (c), line 16) ► $ 171,300,260

J Accounting method ☐ Cash ☒ Accrual ☐ Other (specify) (Part I, column (d) must be on cash basis )

F If the foundation is in a 60-month termination under section 507(b)(1)(B), check here ► ☐

**Part I Analysis of Revenue and Expenses** *(The total of amounts in columns (b), (c), and (d) may not necessarily equal the amounts in column (a) (see page 10 of the instructions) )*

| | Line | Description | (a) Revenue and expenses per books | (b) Net investment income | (c) Adjusted net income | (d) Disbursements for charitable purposes (cash basis only) |
|---|---|---|---|---|---|---|
| Revenue | 1 | Contributions, gifts, grants, etc , received | 4,500,000 | | | |
| | | Check ► ☐ if the foundation is not required to attach Sch B | | | | |
| | 2 | Distributions from split-interest trusts | | | | |
| | 3 | Interest on savings and temporary cash investments | 1,006,768 | 1,006,768 | | |
| | 4 | Dividends and interest from securities | 665,987 | 665,987 | | |
| | 5 a | Gross rents | 1,707,391 | 1,707,391 | | |
| | b | (Net rental income or (loss) 709,902 ) | | | | |
| | 6 a | Net gain or (loss) from sale of assets not on line 10 | 13,022,212 | | | |
| | b | G S P on assets on 6a 78,048,789 | | | | |
| | 7 | Capital gain net income (from Part IV, line 2) | | 13,022,212 | | |
| | 8 | Net short-term capital gain | | | 0 | |
| | 9 | Income modifications | | | | |
| | 10 a | Gross sales less returns and allowances | | | | |
| | b | Less Cost of goods sold | | | | |
| | c | Gross profit or (loss) (attach schedule) | | | | |
| | 11 | Other income (attach schedule) | 282,107 | 282,107 | | |
| | 12 | TOTAL Add lines 1 through 11 | 21,184,465 | 16,684,465 | 0 | |
| Operating and Administrative Expenses | 13 | Compensation of officers, directors, trustees, etc | | | | |
| | 14 | Other employee salaries and wages | | | | |
| | 15 | Pension plans, employee benefits | | | | |
| | 16 a | Legal fees (attach schedule) | 23,534 | 23,534 | | |
| | b | Accounting fees (attach schedule) | 22,135 | 22,135 | | |
| | c | Other professional fees (attach schedule) | | | | |
| | 17 | Interest | 1,442 | 1,442 | | |
| | 18 | Taxes (attach schedule) | 527,667 | 226,179 | | |
| | 19 | Depreciation and depletion | 355,950 | 355,950 | | |
| | 20 | Occupancy | | | | |
| | 21 | Travel, conferences, and meetings | | | | |
| | 22 | Printing and publications | | | | |
| | 23 | Other expenses (attach schedule) | 980,817 | 980,817 | | |
| | 24 | TOTAL OPERATING AND ADMINISTRATIVE EXPENSES Add lines 13 through 23 | 1,911,545 | 1,610,057 | 0 | 0 |
| | 25 | Contributions, gifts, grants paid | 12,540,500 | | | 12,540,500 |
| | 26 | TOTAL EXPENSES & DISBURSEMENTS Add lines 24 and 25 | 14,452,045 | 1,610,057 | 0 | 12,540,500 |
| | 27 | Subtract line 26 from line 12: | | | | |
| | a | EXCESS OF REVENUE OVER EXPENSES AND DISBURSEMENTS | 6,732,420 | | | |
| | b | NET INVESTMENT INCOME (if negative, enter -0-) | | 15,074,408 | | |
| | c | ADJUSTED NET INCOME (if negative, enter -0-) | | | 0 | |

RECEIVED JAN 13 2004 OGDEN, UT

SCANNED JAN 2 6 '04

EUGENE B. CASEY FOUNDATION
FORM 990-PF #52-6220316
YEAR ENDED AUGUST 31, 2003

PART XV - SUPPLEMENTARY INFORMATION
Line 3 - Grants and Contributions Paid During the Year

| | Name, Address, Purpose | Foundation Status | Amount |
|---|---|---|---|
| 1 | Friends of Montgomery County<br>11211 Dufief Mill Rd<br>Gaithersburg, MD 20878<br><br>General Support | Public 9/30 | 10,000 |
| 2 | Washington Opera<br>2600 Virginia Avenue NW Ste 104<br>Washington, DC 20037<br><br>General Support | Public | 6,814,500 |
| 3 | Judicial Watch<br>501 School St SW Ste 500<br>Washington, DC 20024<br><br>General Support | Public 12/31 | 1,000 |
| 4 | Heritage Foundation<br>214m Massachusetts Ave NE<br>Washington, DC 20002<br><br>"Blessing the Next Generation Project" | Public 1/31 | 10,000 |
| 5 | Montgomery Hospice Foundation<br>1450 Research Blvd Ste 310<br>Rockville, MD 20850<br><br>Eugene B Casey Endowmwnt Fund at Casey House | Public | 135,000 |
| 6 | Massachusetts Ear & Eye Infirmary<br>Dept of Otalogy<br>243 Charles St<br>Boston, MA 02114<br><br>Voice Restoration Program | Public | 1,000,000 |
| 7 | Georgetown University Medical Center<br>3800 Resevoir Rd NW<br>Washington, DC 20007<br><br>Additional contribution for planning and establishment of the Georgetown University Spine Center for Basic Science, Clinical Research and Care of Patients with Spinal Disorders | Public | 100,000 |
| 8 | Duke Ellington School For Arts<br>3500 R Street NW<br>Washington, DC 20007<br><br>Dennis Graves Endowment Fund ( 600,000 to date) | Public | 100,000 |
| 9 | Clean and Sober Streets<br>875 Eye Street NW Ste 900<br>Washington, DC 20016<br><br>General Support | Public | 20,000 |

Exhibit 3

Eugene B. Casey Foundation
800 South Frederick Avenue, Suite 100
Gaithersburg, Maryland 20877
(301) 948-4595

June 8, 2004

Mrs. Elayn G. Bryon, Director
Office of Research Administration
Massachusetts Eye and Ear Infirmary
243 Charles Street
Boston, MA 02114

Dear Mrs. Bryon:

I wish to request that the Massachusetts Eye and Ear Infirmary promptly return to the Eugene B. Casey Foundation the unspent contributions and the appreciation earned on those funds donated by the Eugene B. Casey Foundation to support the research program of Dr. Steven Zeitels. The gift was given specifically to support his work exclusively and leadership in laryngology and phonosurgery. We understand, that effective July 1, 2004, Dr. Zeitels will move to the Massachusetts General Hospital and his research will no longer be centered at the Massachusetts Eye and Ear Infirmary.

We would further appreciate a full accounting of the Foundation's gifts, including additions, investment gains, and disbursements of funds, through the point of transfer of the full remaining balance, which we request be sent via electronic funds transfer to our account no later than June 21, 2004. The wiring instructions are as follows:

Provident Bank of Maryland
ABA# 252073018
114 East Lexington Street, Baltimore, MD 21202
Attn: Ron Perrell
Further Credit: Eugene B. Casey Foundation
Account No. 13071853

The Board of the Eugene B. Casey Foundation and I will greatly appreciate your prompt attention to this request. Please let me know if you have questions or require further information.

Thank you for your assistance with this matter and for your stewardship of the funding in support of Dr. Zeitels.

Sincerely,

Mrs. Eugene B. Casey
Chairman and President

TOTAL P.01

Exhibit 4



General Counsel

August 26, 2004

Lynda Schuler, Esq.
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901

Re: Gift of the Eugene B. Casey Foundation

Dear Ms. Schuler:

We have reviewed your letter of August 12, 2004 and our records of the gift to the Massachusetts Eye & Ear Infirmary made by the Eugene B. Casey Foundation. The agreement between the Infirmary and the Foundation (a copy of which is attached hereto) entered into in 2002 (dated variously by each signatory between 11/27/02 and 12/02/02) states expressly that it is a contract between the Foundation and the Infirmary and provides for progressive payments of $2 million to the Infirmary "to do the Voice Restoration Research Program." The payments began on December 1, 2002 in the amount of $500,000 and two $250,000 payments were made over a period ending July 1, 2004. To date, payments totaling $1 million have been made and $1 million of the pledged amount remains unpaid.

I understand that representatives of the Foundation were impressed by the Voice Restoration Research Program to which Dr. Stephen Zeitels has made important contributions. As you know, Dr. Zeitels has left the full-time staff of the Infirmary and has joined the full-time staff of the Massachusetts General Hospital as of July 1, 2004. While we are sorry that Dr. Zeitels has left, the Infirmary remains the premier institution in New England and one of the premier institutions in the entire country for treatment of voice loss and related diseases. The Infirmary has an active ongoing Voice Restoration Program under the direction of Dr. Ramon Franco, Acting Director of Laryngology. We would be pleased to provide you with further information about that program.

While we understand that Mrs. Casey and representatives of the Foundation had a strong sense of Dr. Zeitels role in the Infirmary's voice restoration program, nowhere does the documentation of the gift require such a role. The funds were contributed to support research in areas of voice restoration. That is an area in which the Infirmary has had strong research programs in the past and continues to have a strong research program without regard to changes in personnel.

The Foundation gifts were made to the Infirmary, not to Dr. Zeitels individually, and the gifts have been administered as part of the substantial research funds contributed to and held by the Infirmary. The gifts were accepted by the Infirmary subject to the conditions imposed by the Foundation but nowhere was any condition expressed requiring that if Dr. Zeitels were to leave the full-time staff of the Infirmary, the funds would travel with him to another institution. It is




not uncommon for a high profile physician, such as Dr. Zeitels, to move from one institution to another. It could readily be contemplated by a donor and by Dr. Zeitels that Dr. Zeitels might at some future point leave the Infirmary, in which case he could not expect the Infirmary to transfer or relinquish gifts made to it for vital programs which it actively conducts without an express condition requiring such a transfer.

The Infirmary has a well-established policy that gifts to the Infirmary must be made to the Infirmary and not to any individual physician. Beyond the obvious point that a gift to an individual is not a deductible charitable gift and is subject to the gift tax regime, the donor generally intends a significant gift of this sort to a distinguished institution to benefit the public. A gift just to an individual furthers the objectives of that individual, not the institution. The Infirmary's staff and the policies are well-known to its staff, and were designed to promote the stability of the Infirmary's reliance on research funds and to clarify the presentation of donor's funds on the Infirmary's financial statements.

The Infirmary is a charitable organization operated under the laws of the Commonwealth of Massachusetts. The funds received from the Foundation were accepted as charitable gifts for which an income tax deduction was taken (though I understand that the gift to the Foundation was made prior to the transfer to the Infirmary). The Foundation, as you know, is a private foundation, and as such is prohibited from making gifts directly to individuals. If a donor retains a right to direct a charitable gift away from the donee institution, that would suggest that no completed gift has been made. There was no indication in the terms of the Foundation's gift that that was the donor's intention.

The Office of the Attorney General of Massachusetts has a strong interest in seeing that Massachusetts institutions act as good stewards of funds contributed to them. Mass. Gen. Laws Chapter 12, Section 8 gives the Attorney General's Office the right to supervise all funds given for charitable purposes. The Attorney General's Office, in general, opposes any transfer of contributed funds held by a Massachusetts institution on a voluntary basis to another institution, with the limited exceptions of transfers to meet a compelling need or between related corporations with overlapping boards, neither of which meet the facts of the current situation.

Of additional importance is the obligation of the Infirmary to its other donors who have made contributions in reliance on the fact that many donors have made substantial gifts for the support of Infirmary programs. If funds were to be relinquished by the Infirmary to an unrelated institution, that suggests that the Infirmary is not willing or able to act as a good steward or fiduciary of those funds or does not have a true need for the funds.

In summary, the Infirmary has a right under the terms of the agreement with the Foundation to receive additional payments totaling $1 million. Those payments are now due in full. The Attorney General is entitled to ask why no effort has been made to collect those payments. The Infirmary has no obligation to make any transfer of funds contributed by the Casey Foundation to any other institution, and, if it were to do so, would have to carefully consider the consequences of that action.

caseyzeit




Sincerely yours,

Barbara F. Katz
General Counsel

cc: Carolyn M. Osteen

caseyzeit

2

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-1865 A | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Massachusetts Eye & Ear Infirmary | Eugene B. Casey Foundation and Thomas F. Reilly, as he is the Attorney General |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>John C. Kane, Jr., Ropes & Gray LLP<br>One International Place, Boston, MA 02110<br>Board of Bar Overseers number: 257480 (617) 951-7000 | ATTORNEY (if known)<br>Lynda Schuler, Williams & Connolly LLP<br>725 Twelfth Street, N.W., Washington, DC 20005<br>(202) 434-5000 |

**Origin code and track designation**

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Contract | ( F ) | ( ) Yes ( X ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**

(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . $. . . . .
2. Total Doctor expenses . . . . . $. . . . .
3. Total chiropractic expenses . . . . . $. . . . .
4. Total physical therapy expenses . . . . . $. . . . .
5. Total other expenses (describe) . . . . . $. . . . .

Subtotal $. . . . .

B. Documented lost wages and compensation to date . . . . . $. . . . .
C. Documented property damages to date . . . . . $. . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . $. . . . .
E. Reasonably anticipated lost wages . . . . . $. . . . .
F. Other documented items of damages (describe) $. . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe) $. . . . .

TOTAL $. . . . .

SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE
2005 MAY 11 P 12: 36
MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE

**CONTRACT CLAIMS**

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Claim is for failure to make payments on dates required under contract attached to the Complaint as Exhibit 1.

TOTAL $.1,000,000. . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT None.

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record John C. Kane Jr DATE: 5/11/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON JUNE 13, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]

ASSISTANT CLERK.

3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss. SUPERIOR COURT

MASSACHUSETTS EYE & EAR INFIRMARY

Plaintiff,

v.

EUGENE B. CASEY FOUNDATION and THOMAS F. REILLY, as he is the Attorney General of The Commonwealth of Massachusetts,

Defendants.

Civil Action No. 05-1865A

## ACCEPTANCE OF SERVICE

The undersigned, on behalf of Thomas F. Reilly, as he is the Attorney General of the Commonwealth of Massachusetts, and duly authorized so to act, hereby accepts service of the attached Summons and Complaint.

THOMAS F. REILLY, as he is the Attorney General of the Commonwealth of Massachusetts
By his attorneys,

Johanna Soris (BBO # 473350 )
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 727-2200

Dated: May 26, 2005

I HEREBY ATTEST AND CERTIFY ON JUNE 13, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: 
ASSISTANT CLERK.

9730306_1

# Commonwealth of Massachusetts

SUFFOLK, ss.




SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-1865A

Massachusetts Eye & Ear Infirmary, Plaintiff(s)

v.

Eugene B. Casey Foundation and Thomas F. Reilly, as he is the Attorney General of the Commonwealth of Massachusetts, Defendant(s)

## SUMMONS

To the above-named Defendant: Thomas F. Reilly, as he is the Attorney General of the Commonwealth of Massachusetts

You are hereby summoned and required to serve upon John C. Kane, Jr., Esq., Ropes & Gray LLP plaintiff's attorney, whose address is One International Place, Boston, MA 02110, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 11th day of May, in the year of our Lord two thousand and five.

Michael Joseph Donovan
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

COPY

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss. SUPERIOR COURT

| | |
|---|---|
| MASSACHUSETTS EYE & EAR INFIRMARY<br><br>Plaintiff,<br><br>v.<br><br>EUGENE B. CASEY FOUNDATION and THOMAS F. REILLY, as he is the Attorney General of The Commonwealth of Massachusetts,<br><br>Defendants. | Civil Action No. 05-1865 A |

RECEIVED
MAY 11 2005
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

**COMPLAINT**

This Complaint is brought by the Plaintiff Massachusetts Eye & Ear Infirmary ("MEEI") for declaratory judgment pursuant to Mass. G. L. c. 231A and for payment of certain amounts under a Contract between MEEI and the Defendant Eugene B. Casey Foundation (the "Foundation").

**A. THE PARTIES**

1. MEEI is a Massachusetts, non-profit charitable institution established pursuant to Chapter 91 of the Acts of 1826. MEEI is a nationally preeminent institution specializing in the treatment of, and teaching and research relating to, disorders of the eye, ear, nose, throat, head and neck. MEEI is the primary Harvard teaching hospital in its areas of specialization. MEEI is located at 243 Charles Street, Boston, Massachusetts, County of Suffolk.

2. The Defendant Foundation is a private foundation which has been determined to be tax exempt pursuant to Section 501(c)(3) of the Internal Revenue Code. The Foundation's principal place of business is at 800 South Frederick Avenue, Suite 100, Gaithersburg, Maryland 20877.

3. The defendant Thomas F. Reilly is joined in this action in his capacity as the Attorney General of The Commonwealth of Massachusetts. As such, Mr. Reilly has statutory responsibility for the oversight of Massachusetts charities and the protection of charitable assets.

## B. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over all common law claims presented herein, and statutory jurisdiction to enter a declaratory judgment pursuant to Mass. G. L. c. 231A.

5. This Court may exercise personal jurisdiction over the Defendant Foundation by reason of its transaction of business in this Commonwealth within the meaning of Mass. G. L. c. 223A, § 3.

6. Venue in this Court is appropriate pursuant to Mass. G. L. c. 223, § 1 since MEEI has its usual place of operations in Boston, County of Suffolk, and the Attorney General has his principal office in Suffolk County.

## C. FACTS

7. On or about November 27, 2002, the Foundation entered into a Contract with MEEI. A true and accurate copy of said Contract is attached hereto marked Exhibit 1.

8. Pursuant to the Contract, the Foundation undertook to make seven payments totaling $2,000,000 to MEEI on specific dates set forth therein. The payments were to be used by "the Massachusetts Eye & Ear Infirmary to do the Voice Restoration Research Program."

9. Consistent with the terms of the Contract, payments in the amount of $500,000, $250,000, and $250,000 were made to the Massachusetts Eye & Ear Infirmary by checks dated December 1, 2002, April 1, 2003, and July 1, 2003.

10. In its Return of Private Foundation Form 990-PF filed with the Internal Revenue Service for its fiscal year ending August 31, 2003, the Foundation reported gifts totaling $1,000,000 to the "Massachusetts Eye & Ear Infirmary, Dept of Otology, 243 Charles Street, Boston MA 02114" identifying the recipient as a "Public Foundation" and the purpose for the gift as "Voice Restoration Program." A copy of the relevant pages of the 990-PF is attached hereto as Exhibit 2.

11. At the time the Foundation and MEEI entered into the Contract, Dr. Steven M. Zeitels was a member of the MEEI medical staff performing voice restoration research work, with others. Dr. Zeitels was employed full-time by an affiliated organization, Massachusetts Eye & Ear Associates, Inc. MEEI provided space and support staff to Dr. Zeitels as to numerous other physician clinician/teacher/researchers on its medical staff.

12. When the Contract was signed in late 2002, MEEI understood and agreed that the principal and income from gifts received thereunder were to be used solely in support of voice restoration research. MEEI has had for many years, and continues to have, a commitment to voice restoration. For example, in the 1980's, research on voice restoration for paralyzed vocal cords was conducted at MEEI that continues to the present. In the early 1990's, MEEI established a Voice Laboratory to support the research work in voice restoration of members of its medical staff other than Dr. Zeitels, who did not have an interest in this area at that time. In 1994 MEEI and Harvard Medical School established the Miriam-Montgomery Professorship in Laryngology, based on the interest of a donor in voice restoration. Among other areas of

research activity at MEEI is voice restoration after laryngectomy, and improvement in voice quality for professional singers with Laryngopharyngeal Reflux, which research has been submitted for national presentation. There was not at the time the Contract was signed, and is not at present, a "Voice Restoration Research Program" separate from MEEI.

13. When MEEI agreed to accept money from the Foundation for voice restoration research, neither the Foundation nor Dr. Zeitels informed it of any intention or requirement to limit or condition the gift to the duration or continuation of Dr. Zeitels' service at MEEI.

14. While MEEI in the past has accepted charitable gifts which were earmarked for the research of a particular physician on its staff, MEEI has not accepted charitable gifts which were conditioned on a physician's continued employment or association with it.

15. Upon information and belief, for MEEI as a charitable institution to accept a gift conditioned upon the continued employment or association of a named physician would raise serious legal questions under the tax law and under Massachusetts charitable law.

16 Apart from the legal questions referred to in the immediately preceding paragraph such a condition would be contrary to the public interests in (a) protecting charitable assets, (b) providing certainty regarding the availability of charitable assets to accomplish charitable purposes, (c) enabling charitable organizations to request support from donors in reliance upon gifts from prior donors, and (d) preventing persons lacking any fiduciary obligation to a charitable institution from exercising control over the use of charitable assets.

17. MEEI is holding the funds received from the Foundation as part of its endowment. MEEI has made expenditures from the fund in support of voice restoration research, including support of Dr. Zeitels' work at MEEI.

18. On or about May 12, 2004 Dr. Zeitels informed MEEI by letter of his intention to resign from the full-time staff of MEEI effective June 30, 2004.

19. By letter dated June 8, 2004, the Foundation wrote to Mrs. Elayn G. Byron of MEEI's Office of Research Administration, a copy of which letter is attached hereto marked Exhibit 3. The letter mischaracterizes both the Contract and the basis upon which MEEI accepted the Foundation's gift.

20. Having received a subsequent letter dated August 12, 2004 from the Foundation's attorney, MEEI set forth its position regarding the gift and the Foundation's request that it be returned by letter dated August 26, 2004, a copy of which is attached hereto marked Exhibit 4.

21. MEEI is in the process of appointing a highly qualified academic physician to the position of Miriam-Montgomery Professor of Laryngology at Harvard Medical School and Director of the Division of Laryngology at MEEI. The physician has strong qualifications and professional interest in voice restoration. The funds received from and pledged by the Foundation can and will be used by MEEI in performance of voice restoration research at MEEI under the direction of a new Director.

22. Over the passage of several months from August 26, 2004, neither the Foundation nor its attorney have responded to the points raised in MEEI's August 26, 2004 letter. The Foundation instead has demanded return of the unexpended portion of the $1,000,000 delivered in 2002 and 2003, has refused to complete the payment required by the Contract to have been completed by July 1, 2004, and, most recently, has threatened to bring suit by May 13, 2005.

23. MEEI is ready, willing and able to apply the full $2,000,000 amount of the Foundation's gift to the conduct of voice restoration research by researchers highly qualified to perform such research.

24. As set forth above, an actual controversy has arisen between MEEI and the Foundation.

**COUNT I ( DECLARATORY JUDGMENT)**

25. MEEI repeats and realleges paragraphs 1-24 of this Complaint as if fully set forth herein.

26 The Foundation intended to make a charitable gift of the three (3) checks dated December 1, 2002, April 1, 2003 and July 1, 2003, totaling $1,000,000.

27 The checks referred to in paragraph 26 of this Complaint were delivered on or about their dates to MEEI.

28 The Foundation has surrendered dominion and control over the checks referred to in the immediately preceding paragraphs of this Complaint and the proceeds therefrom.

29. A completed gift has been made of the proceeds of the three (3) checks referred to in the immediately preceding paragraphs of this Complaint.

30. MEEI is entitled to a declaration that the proceeds from these checks can be retained by it, subject to the single condition that the principal and interest therefrom be used by MEEI for voice restoration research.

**COUNT II (DAMAGES)**

31. MEEI repeats and realleges paragraphs 1-24 of this Complaint as if fully set forth herein.

32. Under the Contract, the Foundation was obligated to make four (4) payments in the amount of $250,000 each, respectively, on October 1, 2003, January 1, 2004, April 1, 2004, and July 1, 2004.

33. The Foundation has failed to make the required payments on October 1, 2003, January 1, 2004, April 1, 2004, and July 1, 2004.

34. The Foundation has breached its obligation to make the above-listed payments on their due dates.

35. Gifts have been solicited by MEEI from donors other than the Foundation in reliance upon the understanding that the Foundation had agreed to contribute $2,000,000 to MEEI for voice restoration research.

36. MEEI is entitled to recover the sum of $1,000,000 with interest thereon running from the dates in 2003 and 2004 upon which the payments were due.

WHEREFORE, MEEI prays:

1. For Declaratory Judgment on Count I of this Complaint;

2. That the Foundation be directed to pay to it the sum of $1,000,000 plus interest thereon pursuant to Count II of this Complaint;

3. For such other and further relief as to this Court appears just and appropriate.

MASSACHUSETTS EYE & EAR INFIRMARY
By its attorneys,

John C. Kane, Jr.

John C. Kane, Jr. (BBO #257480)
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

Dated: May 11, 2005

Exhibit 1

Eugene B. Casey Foundation
800 South Frederick Avenue, Suite 100
Gaithersburg, Maryland 20877

CONTRACT

This is a contract and an understanding between the Eugene B. Casey Foundation and the Massachusetts Eye and Ear Infirmary of the Harvard Medical School in Boston, Massachusetts.

The Eugene B. Casey Foundation shall provide in progressive payments Two Million Dollars ($2,000,000) to the Massachusetts Eye and Ear Infirmary to do the Voice Restoration Research Program.

These payments shall be made as follows:

$500,000 on December 1, 2002
250,000 on April 1, 2003
250,000 on July 1, 2003
250,000 on October 1, 2003
250,000 on January 1, 2004
250,000 on April 1, 2004
250,000 on July 1, 2004

The Massachusetts Eye and Ear Infirmary shall send written reports of this work every six (6) months (or more frequently if necessary or as requested) to the Eugene B. Casey Foundation. It will send a final report on completion of the project.

MASSACHUSETTS EYE AND EAR INFIRMARY

Dr. Steven M. Zeitels Date

12/2/02
Elayn G. Byron, CRA
Director, Research Administration

THE EUGENE B. CASEY FOUNDATION

11/27/02
Mrs. Eugene B. Casey Date

11/27/02
Dr. Stephen N. Jones Date

11/27/02
W. James Price IV Date

Exhibit 2

Form **990-PF**

Department of the Treasury
Internal Revenue Service

# Return of Private Foundation

**or Section 4947(a)(1) Nonexempt Charitable Trust Treated as a Private Foundation**

Note: *The organization may be able to use a copy of this return to satisfy state reporting requirements*

OMB No 1545-0052

**2002**

For calendar year 2002, or tax year beginning 9/1/2002, and ending 8/31/2003

G Check all that apply. ☐ Initial return ☐ Final return ☐ Amended return ☐ Address change ☐ Name change

Use the IRS label. Otherwise, print or type. See Specific Instructions.

Name of organization: EUGENE B. CASEY FOUNDATION

Number and street (or P O box number if mail is not delivered to street address): 800 S. FREDERICK AVE — Room/suite: 100

City or town, state, and ZIP code: GAITHERSBURG MD 20877

A Employer identification number: 52-6220316

B Telephone number (see page 10 of the instr ): 301-948-4595

C If exemption application is pending, check here ☐

D 1 Foreign organizations, check here ☐

2 Foreign organizations meeting the 85% test, check here ☐

E If private foundation status was terminated under section 507(b)(1)(A), check here ☐

F If the foundation is in a 60-month termination under section 507(b)(1)(B), check here ☐

H Check organization: ☒ Section 501(c)(3) exempt private foundation ☐ Section 4947(a)(1) nonexempt charitable trust ☐ Other taxable private foundation

I Fair market value of all assets at end of year (from Part II, col (c), line 16) ▶ $ 171,300,260

J Accounting method ☐ Cash ☒ Accrual ☐ Other (specify) (Part I, column (d) must be on cash basis )

**Part I Analysis of Revenue and Expenses** *(The total of amounts in columns (b), (c), and (d) may not necessarily equal the amounts in column (a) (see page 10 of the instructions) )*

| | | (a) Revenue and expenses per books | (b) Net investment income | (c) Adjusted net income | (d) Disbursements for charitable purposes (cash basis only) |
|---|---|---|---|---|---|
| **Revenue** | | | | | |
| 1 | Contributions, gifts, grants, etc , received | 4,500,000 | | | |
| | Check ▶ ☐ if the foundation is not required to attach Sch B | | | | |
| 2 | Distributions from split-interest trusts | | | | |
| 3 | Interest on savings and temporary cash investments | 1,006,768 | 1,006,768 | | |
| 4 | Dividends and interest from securities | 665,987 | 665,987 | | |
| 5 a | Gross rents | 1,707,391 | 1,707,391 | | |
| b | (Net rental income or (loss) 709,902 ) | | | | |
| 6 a | Net gain or (loss) from sale of assets not on line 10 | 13,022,212 | | | |
| b | G S P on assets on 6a 78,048,789 | | | | |
| 7 | Capital gain net income (from Part IV, line 2) | | 13,022,212 | | |
| 8 | Net short-term capital gain | | | 0 | |
| 9 | Income modifications | | | | |
| 10 a | Gross sales less returns and allowances | | | | |
| b | Less Cost of goods sold | | | | |
| c | Gross profit or (loss) (attach schedule) | | | | |
| 11 | Other income (attach schedule) | 282,107 | 282,107 | | |
| 12 | TOTAL Add lines 1 through 11 | 21,184,465 | 16,684,465 | 0 | |
| **Operating and Administrative Expenses** | | | | | |
| 13 | Compensation of officers, directors, trustees, etc | | | | |
| 14 | Other employee salaries and wages | | | | |
| 15 | Pension plans, employee benefits | | | | |
| 16 a | Legal fees (attach schedule) | 23,534 | 23,534 | | |
| b | Accounting fees (attach schedule) | 22,135 | 22,135 | | |
| c | Other professional fees (attach schedule) | | | | |
| 17 | Interest | 1,442 | 1,442 | | |
| 18 | Taxes (attach schedule) | 527,667 | 226,179 | | |
| 19 | Depreciation and depletion | 355,950 | 355,950 | | |
| 20 | Occupancy | | | | |
| 21 | Travel, conferences, and meetings | | | | |
| 22 | Printing and publications | | | | |
| 23 | Other expenses (attach schedule) | 980,817 | 980,817 | | |
| 24 | TOTAL OPERATING AND ADMINISTRATIVE EXPENSES Add lines 13 through 23 | 1,911,545 | 1,610,057 | 0 | 0 |
| 25 | Contributions, gifts, grants paid | 12,540,500 | | | 12,540,500 |
| 26 | TOTAL EXPENSES & DISBURSEMENTS Add lines 24 and 25 | 14,452,045 | 1,610,057 | 0 | 12,540,500 |
| 27 | Subtract line 26 from line 12 | | | | |
| a | EXCESS OF REVENUE OVER EXPENSES AND DISBURSEMENTS | 6,732,420 | | | |
| b | NET INVESTMENT INCOME (if negative, enter -0-) | | 15,074,408 | | |
| c | ADJUSTED NET INCOME (if negative, enter -0-) | | | 0 | |

SCANNED JAN 2 6 '04

RECEIVED JAN 1 3 2004 OGDEN, UT

EUGENE B. CASEY FOUNDATION
FORM 990-PF #52-6220316
YEAR ENDED AUGUST 31, 2003

PART XV - SUPPLEMENTARY INFORMATION
Line 3 - Grants and Contributions Paid During the Year

| | Name, Address, Purpose | Foundation Status | Amount |
|---|---|---|---|
| 1 | Friends of Montgomery County<br>14211 Dufief Mill Rd<br>Gaithersburg, MD 20878<br><br>General Support | Public 9/30 | 10,000 |
| 2 | Washington Opera<br>2600 Virginia Avenue NW Ste 104<br>Washington, DC 20037<br><br>General Support | Public | 6,814,500 |
| 3 | Judicial Watch<br>501 School St SW Ste 500<br>Washington, DC 20024<br><br>General Support | Public 12/31 | 1,000 |
| 4 | Heritage Foundation<br>214 m Massachusetts Ave NE<br>Washington, DC 20002<br><br>"Blessing the Next Generation Project" | Public 1/31 | 10,000 |
| 5 | Montgomery Hospice Foundation<br>1430 Research Blvd Ste 310<br>Rockville, MD 20850<br><br>Eugene B Casey Endowmwnt Fund at Casey House | Public | 135,000 |
| 6 | Massachusetts Ear & Eye Infirmary<br>Dept of Otalogy<br>243 Charles St<br>Boston, MA 02114<br><br>Voice Restoration Program | Public | 1,000,000 |
| 7 | Georgetown University Medical Center<br>3800 Resevoir Rd NW<br>Washington, DC 20007<br><br>Additional contribution for planning and establishment of the Georgetown University Spine Center for Basic Science, Clinical Research and Care of Patients with Spinal Disorders | Public | 100,000 |
| 8 | Duke Ellington School For Arts<br>3500 R Street NW<br>Washington, DC 20007<br><br>Dennis Graves Endowment Fund ( 600,000 to date) | Public | 100,000 |
| 9 | Clean and Sober Streets<br>1875 Eye Street NW Ste 900<br>Washington, DC 20016<br><br>General Support | Public | 20,000 |

Exhibit 3

Eugene B. Casey Foundation
800 South Frederick Avenue, Suite 100
Gaithersburg, Maryland 20877
(301) 948-4595

June 8, 2004

Mrs. Elayn G. Bryon, Director
Office of Research Administration
Massachusetts Eye and Ear Infirmary
243 Charles Street
Boston, MA 02114

Dear Mrs. Bryon:

I wish to request that the Massachusetts Eye and Ear Infirmary promptly return to the Eugene B. Casey Foundation the unspent contributions and the appreciation earned on those funds donated by the Eugene B. Casey Foundation to support the research program of Dr. Steven Zeitels. The gift was given specifically to support his work exclusively and leadership in laryngology and phonosurgery. We understand, that effective July 1, 2004, Dr. Zeitels will move to the Massachusetts General Hospital and his research will no longer be centered at the Massachusetts Eye and Ear Infirmary.

We would further appreciate a full accounting of the Foundation's gifts, including additions, investment gains, and disbursements of funds, through the point of transfer of the full remaining balance, which we request be sent via electronic funds transfer to our account no later than June 21, 2004. The wiring instructions are as follows:

Provident Bank of Maryland
ABA# 252073018
114 East Lexington Street, Baltimore, MD 21202
Attn: Ron Perrell
Further Credit: Eugene B. Casey Foundation
Account No. 13071853

The Board of the Eugene B. Casey Foundation and I will greatly appreciate your prompt attention to this request. Please let me know if you have questions or require further information.

Thank you for your assistance with this matter and for your stewardship of the funding in support of Dr. Zeitels.

Sincerely,

Mrs. Eugene B. Casey
Chairman and President

TOTAL P.01

Exhibit 4



General Counsel

August 26, 2004

Lynda Schuler, Esq.
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901

Re: Gift of the Eugene B. Casey Foundation

Dear Ms. Schuler:

We have reviewed your letter of August 12, 2004 and our records of the gift to the Massachusetts Eye & Ear Infirmary made by the Eugene B. Casey Foundation. The agreement between the Infirmary and the Foundation (a copy of which is attached hereto) entered into in 2002 (dated variously by each signatory between 11/27/02 and 12/02/02) states expressly that it is a contract between the Foundation and the Infirmary and provides for progressive payments of $2 million to the Infirmary "to do the Voice Restoration Research Program." The payments began on December 1, 2002 in the amount of $500,000 and two $250,000 payments were made over a period ending July 1, 2004. To date, payments totaling $1 million have been made and $1 million of the pledged amount remains unpaid.

I understand that representatives of the Foundation were impressed by the Voice Restoration Research Program to which Dr. Stephen Zeitels has made important contributions. As you know, Dr. Zeitels has left the full-time staff of the Infirmary and has joined the full-time staff of the Massachusetts General Hospital as of July 1, 2004. While we are sorry that Dr. Zeitels has left, the Infirmary remains the premier institution in New England and one of the premier institutions in the entire country for treatment of voice loss and related diseases. The Infirmary has an active ongoing Voice Restoration Program under the direction of Dr. Ramon Franco, Acting Director of Laryngology. We would be pleased to provide you with further information about that program.

While we understand that Mrs. Casey and representatives of the Foundation had a strong sense of Dr. Zeitels role in the Infirmary's voice restoration program, nowhere does the documentation of the gift require such a role. The funds were contributed to support research in areas of voice restoration. That is an area in which the Infirmary has had strong research programs in the past and continues to have a strong research program without regard to changes in personnel.

The Foundation gifts were made to the Infirmary, not to Dr. Zeitels individually, and the gifts have been administered as part of the substantial research funds contributed to and held by the Infirmary. The gifts were accepted by the Infirmary subject to the conditions imposed by the Foundation but nowhere was any condition expressed requiring that if Dr. Zeitels were to leave the full-time staff of the Infirmary, the funds would travel with him to another institution. It is




not uncommon for a high profile physician, such as Dr. Zeitels, to move from one institution to another. It could readily be contemplated by a donor and by Dr. Zeitels that Dr. Zeitels might at some future point leave the Infirmary, in which case he could not expect the Infirmary to transfer or relinquish gifts made to it for vital programs which it actively conducts without an express condition requiring such a transfer.

The Infirmary has a well-established policy that gifts to the Infirmary must be made to the Infirmary and not to any individual physician. Beyond the obvious point that a gift to an individual is not a deductible charitable gift and is subject to the gift tax regime, the donor generally intends a significant gift of this sort to a distinguished institution to benefit the public. A gift just to an individual furthers the objectives of that individual, not the institution. The Infirmary's staff and the policies are well-known to its staff, and were designed to promote the stability of the Infirmary's reliance on research funds and to clarify the presentation of donor's funds on the Infirmary's financial statements.

The Infirmary is a charitable organization operated under the laws of the Commonwealth of Massachusetts. The funds received from the Foundation were accepted as charitable gifts for which an income tax deduction was taken (though I understand that the gift to the Foundation was made prior to the transfer to the Infirmary). The Foundation, as you know, is a private foundation, and as such is prohibited from making gifts directly to individuals. If a donor retains a right to direct a charitable gift away from the donee institution, that would suggest that no completed gift has been made. There was no indication in the terms of the Foundation's gift that that was the donor's intention.

The Office of the Attorney General of Massachusetts has a strong interest in seeing that Massachusetts institutions act as good stewards of funds contributed to them. Mass. Gen. Laws Chapter 12, Section 8 gives the Attorney General's Office the right to supervise all funds given for charitable purposes. The Attorney General's Office, in general, opposes any transfer of contributed funds held by a Massachusetts institution on a voluntary basis to another institution, with the limited exceptions of transfers to meet a compelling need or between related corporations with overlapping boards, neither of which meet the facts of the current situation.

Of additional importance is the obligation of the Infirmary to its other donors who have made contributions in reliance on the fact that many donors have made substantial gifts for the support of Infirmary programs. If funds were to be relinquished by the Infirmary to an unrelated institution, that suggests that the Infirmary is not willing or able to act as a good steward or fiduciary of those funds or does not have a true need for the funds.

In summary, the Infirmary has a right under the terms of the agreement with the Foundation to receive additional payments totaling $1 million. Those payments are now due in full. The Attorney General is entitled to ask why no effort has been made to collect those payments. The Infirmary has no obligation to make any transfer of funds contributed by the Casey Foundation to any other institution, and, if it were to do so, would have to carefully consider the consequences of that action.

caseyzeit




Sincerely yours,

Barbara F. Katz
General Counsel

cc: Carolyn M. Osteen

caseyzeit