## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS EYE & EAR INFIRMARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:05-cv-11229 |
| ) | |
| EUGENE B. CASEY FOUNDATION and ) | **JURY TRIAL DEMANDED** |
| THOMAS F. REILLY, as he is the Attorney General ) | |
| of The Commonwealth of Massachusetts, ) | |
| ) | |
| Defendants. ) | |

### ANSWER AND COUNTERCLAIMS OF DEFENDANT
### EUGENE B. CASEY FOUNDATION

Comes now the Defendant, the Eugene B. Casey Foundation ("the Foundation"),

by and through its undersigned attorneys, responds to the Plaintiff's Complaint with the

following Answer and Counterclaims:

### ANSWER

The Foundation responds to the specific allegations as follows. Allegations not

expressly admitted are denied.

### The Parties

1.    Admitted that the Massachusetts Eye and Ear Infirmary ("MEEI") is a

non-profit charitable institution, and that it is located at 243 Charles Street, Boston,

Massachusetts, County of Suffolk. Defendant is without sufficient information to admit or

deny the remainder of this paragraph.

2.    Admitted.

3.    This paragraph states a conclusion of law to which no response is

required.

## Jurisdiction and Venue

4.      This paragraph states a conclusion of law to which no response is required.

5.      This paragraph states a conclusion of law to which no response is required.

6.      This paragraph states a conclusion of law to which no response is required.

## Facts

7.      Denied except to admit that the document attached to the Complaint as Exhibit 1 appears to be an accurate copy of a document setting forth a schedule of payments for a limited purpose charitable gift.

8.      The first sentence of the paragraph is denied. The second sentence is admitted insofar as it accurately quotes part of a sentence in Exhibit 1.

9.      Admitted that the Foundation mailed checks to Dr. Steven Zeitels in the amounts of $500,000; $250,000; and $250,000, by checks dated December 1, 2002, April 1, 2003, and July 1, 2003 respectively. Except as admitted, the remainder of the paragraph is denied.

10.     Admitted that the Foundation filed a Form 990-PF with the Internal Revenue Service for its fiscal year ending August 31, 2002. The Foundation avers that its Form 990-PF speaks for itself.

11.     Admitted as to the first sentence of the paragraph that Dr. Steven M. Zeitels was a member of MEEI's medical staff, specifically, the most senior laryngologist at

MEEI and the director of the Voice Restoration Research Program. Defendant is without sufficient information to admit or deny the last two sentences of the paragraph.

12.    Denied, except that the Foundation admits that MEEI does not presently have a Voice Restoration Research Program.

13.    Denied.

14.    Defendant is without sufficient information to admit or deny this paragraph.

15.    This paragraph raises a question of law to which no response is required.

16.    This paragraph raises purported issues of public policy to which no response is required. To the extent Paragraph 16 contains any factual allegations, they are denied.

17.    Because MEEI has repeatedly refused to provide an accounting of how any of the funds have been spent, the Foundation is without sufficient information to admit or deny this paragraph.

18.    Admitted that Dr. Steven Zeitels resigned from MEEI on or about June 30, 2004. The Foundation is without sufficient information to admit or deny the remainder of this paragraph.

19.    Admitted that the Foundation sent the letter dated June 8, 2004, attached to the Complaint as Exhibit 3, to Mrs. Elayn G. Byron. The Foundation further states that Exhibit 3 speaks for itself. Except as admitted the remainder of the paragraph is denied.

20.    Admitted that MEEI received a letter dated August 12, 2004 from the Foundation's attorney. The Foundation is without sufficient information to admit or deny the remainder of this paragraph, except to state that Exhibit 4 speaks for itself.

21.    The Foundation is without sufficient information to admit or deny the allegations contained in the first and second sentences of this paragraph. The third sentence is denied

22.    The first sentence is denied. The Foundation admits that it has demanded that the portion of the $1,000,000 gift unexpended at the time the purpose of the gift failed be returned to the Foundation so that the Foundation may transfer the funds to continue supporting the Voice Restoration Research Program. Admitted that the Foundation stated that it was prepared to file a lawsuit against MEEI by May 13, 2005. The remainder of the allegations contained in this paragraph are denied.

23.    Denied.

24.    This paragraph states a conclusion of law to which no response is required.

### Count I (Declaratory Judgment)

25.    Answered as set forth above.

26.    Admitted that the Foundation made a charitable gift for a specific purpose, totaling $1,000,000, in three checks dated December 1, 2002; April 1, 2003; and July 1, 2003.

27.    Admitted.

28.    This paragraph states a conclusion of law to which no response is required.

29.    This paragraph states a conclusion of law to which no response is required. To the extent a further answer is required, the paragraph is denied.

30.    Denied.

## Count II (Damages)

31.    Answered as set forth above.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied that there has been legally sufficient reliance.  The Foundation is

without sufficient information to admit or deny the remainder of the paragraph.

36.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and waiver.

### THIRD DEFENSE

Plaintiff's Complaint is barred under the doctrine of laches.

### FOURTH DEFENSE

Plaintiff has not suffered any injury or damages and is not entitled to

compensatory damages.

### FIFTH DEFENSE

Plaintiff has failed to plead its allegations with the requisite particularity.

### SIXTH DEFENSE

Plaintiff has failed to mitigate any alleged losses.

### SEVENTH DEFENSE

The gift is unenforceable due to mistake of fact.

### EIGHTH DEFENSE

The gift is unenforceable due to failure of consideration.

### NINTH DEFENSE

The gift is unenforceable because there was no meeting of the minds.

### TENTH DEFENSE

The gift is unenforceable because MEEI has not performed as promised.

### ELEVENTH DEFENSE

The Foundation reserves the right to assert any and all other defenses, including affirmative defenses, that become available during the course of discovery or trial.

A Jury Trial is demanded with respect to MEEI's claims.


## COUNTERCLAIMS

### Nature of the Counterclaims

1.      This is an action to recover funds held in a resulting trust. Beginning in 2002, the Eugene B. Casey Foundation ("the Foundation") stated that it would provide $2,000,000.00 in funding specifically to do the Voice Restoration Research Program at the Massachusetts Eye and Ear Infirmary ("MEEI"). MEEI transmitted a signed schedule of payments to the Foundation, stating in the transmittal page that the schedule of payments was "for the Voice Restoration Research Program under the direction of Steven Zeitels, M.D."

- 6 -

2. The Voice Restoration Research Program was directed by a leading laryngologist named Dr. Steven Zeitels. The Program was subsequently discontinued at MEEI when Dr. Zeitels moved his practice and the Research Program to another facility.

3. Upon discontinuation of the Program at MEEI, the purpose of the gift failed. MEEI should have promptly transferred the remaining funds to the new facility, or returned the funds to the Foundation so that the Foundation could redirect the funds to support the Program at the new facility. Instead, MEEI disregarded the plain language of the instrument outlining the purpose and amount of the Foundation's gift, and kept for itself the almost $1,000,000.00 of unspent funds.

4. Despite repeated requests that it do so, MEEI has refused to provide any information about how any of the funds given by the Foundation to do the Voice Restoration Research Program have been spent.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1332 because the properly joined parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. Venue is proper in this judicial District under 28 U.S.C. §§ 1391(a) and (c).

## Parties

7. Plaintiff the Eugene B. Casey Foundation is a private foundation that has its principal place of business in the State of Maryland, at 800 South Frederick Ave., Suite 100, Gaithersburg, Maryland 20877.

8.    Defendant the Massachusetts Eye and Ear Infirmary is a medical facility with its principal place of business in the State of Massachusetts, at 243 Charles Street, Boston, Massachusetts 02114.

## Factual Allegations

9.    The Foundation makes gifts in support of medical facilities, educational programs and institutions, and a wide variety of civic projects and organizations.

10.    Mrs. Betty Casey is the Chairman and President of the Foundation, which is named in honor of her late husband.

11.    In or about November of 2002, Mrs. Casey and the Foundation were made aware of important and groundbreaking work being done by Dr. Steven Zeitels, a laryngologist who worked at MEEI.

12.    Dr. Zeitels was in 2002, and is still today, one of the leading laryngologists in the world and is renowned in the field of voice restoration and the correction of vocal-fold scarring.

13.    Dr. Zeitels was, in November of 2002, the most senior laryngologist at MEEI.

14.    In September through the end of 2002, Dr. Zeitels was an agent of MEEI.

15.    In November of 2002, Dr. Zeitels directed and administered a program at MEEI called the Voice Restoration Research Program.

16.    The Voice Restoration Research Program was designed to research and develop treatments for vocal-fold scarring, a condition affecting numerous individuals including children who may have sustained vocal-fold injuries as children; cancer patients with disease

- 8 -

around the larynx; professionals who make extensive use of their voices; and aging individuals with voice deterioration.

17.    The Program was a research effort created and led by Dr. Zeitels, and was comprised of a collaborative team of doctors and researchers at multiple medical facilities who engaged in a coordinated effort to advance the understanding and treatment of vocal-fold scarring and injuries. Dr. Zeitels coordinated and planned the collaborative activities and efforts of the investigators in the Program.

18.    The Voice Restoration Research Program was driven by the vision, talent, and expertise of Dr. Zeitels, without whom the Program would not have had the astonishing success and breakthroughs that it did. The Program could not exist without Dr. Zeitels at its creative and administrative center.

19.    The Voice Restoration Research Program consisted (and still consists) of a core group of investigators, including Dr. Zeitels as a principal co-investigator. The Voice Restoration Research Program investigators who were at MEEI no longer work there.

20.    Dr. Zeitels first contacted Mrs. Betty Casey in November of 2002, at the suggestion of the husband of one of Dr. Zeitels' patients, who was familiar with the philanthropic work of the Foundation. Upon meeting with Dr. Zeitels shortly thereafter, the Foundation was impressed by the work done by Dr. Zeitels through the Voice Restoration Research Program, and determined it would provide extensive funding for the Program.

21.    On or about November 14, 2002, the Director of MEEI's Office of Research Administration sent a letter to the Foundation proposing a schedule of payments for the Foundation to fund the Voice Restoration Research Program.

22.     The November 14 letter from MEEI to the Foundation stated that the funding under discussion was "for the Voice Restoration Research Program."

23.     On or about November 27, 2002, the Foundation sent to MEEI a schedule of payments, to be made for the Voice Restoration Research Program.

24.     The schedule of payments stated that the payments would be provided by the Foundation "to do the Voice Restoration Research Program."

25.     The Foundation enclosed a check for $500,000 along with the signed schedule of payments.

26.     The Foundation did not make the gift with a general intention that the property be used by MEEI for any possible charitable purpose, but rather made clear that its intention was to fund a specific program – the Voice Restoration Research Program directed and administered by Dr. Steven Zeitels. The Foundation never communicated to MEEI an intention that the funds be used to support MEEI generally. The Foundation believed and expressed its belief that the Voice Restoration Research Program was uniquely suited to further voice restoration research and treatment.

27.     MEEI countersigned the schedule of payments and sent it back to the Foundation in Maryland.

28.     The letter transmitting the signed schedule of payments from MEEI to the Foundation stated, "I am enclosing a fully executed contract for the Voice Restoration Research Program under the direction of Steven Zeitels, M.D."

29.     Therefore, in accepting the Foundation's gift of a projected $2,000,000.00, MEEI understood that the clear language of the schedule of payments required that it use those

- 10 -

funds only "to do the Voice Restoration Research Program under the direction of Steven Zeitels, M.D."

30.    MEEI conveyed to Dr. Zeitels in a memo dated December 27, 2002 the internal Account Number assigned to "your Casey Foundation Award entitled 'Voice Restoration Research Program.'"

31.    The Foundation subsequently sent two checks for $250,000.00 each to MEEI – one on or about March 26, 2003 and one on or about July 1, 2003.

32.    With respect to each payment the Foundation sent to MEEI, the payments were not made with a general intention that the funds be used by MEEI for any possible charitable purpose, but rather were made to fund a specific program – the Voice Restoration Research Program.

33.    MEEI held in trust the money that it received from the Foundation to do the Voice Restoration Research Program.

34.    On or about July 1, 2004, Dr. Zeitels left MEEI to move his clinical practice to Massachusetts General Hospital.

35.    Dr. Zeitels took the Voice Restoration Research Program with him to Massachusetts General Hospital, where it is now funded in part through the Institute of Laryngology and Voice Restoration ("ILVR").

36.    When Dr. Zeitels left MEEI, the program known as the Voice Restoration Research Program ceased to exist at MEEI.

37.    In the absence of Dr. Zeitels, MEEI could not continue the Voice Restoration Research Program.

38.     Any work that MEEI continues to do in the field of laryngology does not approximate the activities or successes of the Voice Restoration Research Program.

39.     MEEI no longer has a director of a Voice Restoration Research Program, and no longer acts as a clearinghouse and research center for the treatment of vocal-fold scarring.

40.     MEEI no longer does voice restoration work that is comparable to the work done by Dr. Zeitels in the Voice Restoration Research Program.

41.     In keeping with its plainly stated intention, which was to fund the Voice Restoration Research Program, the Foundation has made the remainder of the payments outlined in the schedule of payments to the ILVR.

42.     The Foundation promptly requested that MEEI return to the Foundation the unspent portion of the donated funds when the Program for which the donation was made no longer existed at MEEI.

43.     MEEI has refused the Foundation's requests that it return all of the remaining money to the Foundation.

44.     The Foundation, as the donor of $1,000,000.00 to MEEI's Voice Restoration Research Program, has requested more than once that MEEI provide an accounting of the funds received from the Foundation to reveal how the money has actually been spent and how much of it remains.

45.     MEEI has failed and refused to provide an accounting to the Foundation of the funds donated to do the Voice Restoration Research Program.

46.     MEEI has disregarded the schedule of payments document by applying funds donated by the Foundation to activities or programs other than the Voice Restoration Research Program.

- 12 -

47.    MEEI is not entitled to keep the money that was donated by the

Foundation to do the Voice Restoration Research Program.

## Count I
## (Resulting Trust)

48.    Plaintiff repeats the allegations of paragraphs 1 – 47 as if set forth fully

herein.

49.    Because the gift by the Foundation to MEEI was designated for a

particular use, MEEI held in trust the money that it received from the Foundation.

50.    The gift by the Foundation was made with the specific intent to benefit the

Voice Restoration Research Program, and was not made with a more general discretionary

charitable intent.

51.    The purpose of the donation from the Foundation, held in trust by MEEI,

failed.

52.    Upon failure of the purpose of the trust, MEEI began holding the money

received from the Foundation in a resulting trust for the benefit of the Foundation.

53.    To date, the money received from the Foundation, is still held by MEEI in

a resulting trust for the benefit of the Foundation.

54.    MEEI has failed and refused to return the money held in a resulting trust

for the Foundation despite repeated demands that it do so.

55.    Interest or other profit earned on the money held in resulting trust by

MEEI is also subject to the resulting trust.

- 13 -

## Count II
## (Accounting)

56. Plaintiff repeats the allegations of paragraphs 1 – 47 as if set forth fully herein.

57. MEEI has failed and refused to provide to the Foundation an accounting of the funds initially provided by the Foundation despite repeated demands that it do so.

58. MEEI has a fiduciary duty to the Foundation to preserve the funds held in resulting trust and return those funds to the Foundation.

59. As a fiduciary of the funds to be returned to the Foundation, MEEI has a duty to provide an accounting of the funds donated by the Foundation.

## Count III
## (Constructive Trust)

60. Plaintiff repeats the allegations of paragraphs 1 – 47 as if set forth fully herein.

61. In the alternative to Paragraph 55, with respect to interest earned on the funds improperly held by MEEI in a resulting trust, or other property traceable to the funds held in the resulting trust, a constructive trust is imposed on that interest or other property in favor of the Foundation.

## Count IV
## (Conversion)

62. Plaintiff repeats the allegations of paragraphs 1 – 47 as if set forth fully herein.

63. Upon failure of the donation's purpose, MEEI held the remaining funds donated by the Foundation in a resulting trust for the Foundation.

64.     The funds held in a resulting trust by MEEI were the property of the
Foundation.

65.     MEEI has converted the funds by knowingly and purposefully depriving
the Foundation of the funds and/or using the funds for its own benefit.

66.     Expenditure of funds donated by the Foundation constitutes conversion
from the time the Voice Restoration Research Program ceased to exist at MEEI.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.     Imposing a resulting trust on funds donated by the Foundation to MEEI to
do the Voice Restoration Research Program and ordering the return of those funds to the
Foundation, measured since the time the trust for the Program failed, including:

(i)     profit earned on the funds measured since the time the trust for the
Program failed; or

(ii)    alternatively, interest dating from the time the trust for the Program
failed, whichever is greater;

b.     In the alternative to (a.)(i), imposing a constructive trust on profit earned
on funds donated by the Foundation to MEEI to do the Voice Restoration Research Program,
measured since the time the trust for the Program failed;

c.     Ordering that MEEI provide an accounting of the expenditure of funds
donated by the Foundation to MEEI;

d.     Awarding Plaintiff compensatory damages in an amount to be determined
at trial;

e.     Awarding Plaintiff the costs of litigation, including its reasonable
attorneys' fees;

- 15 -

      f.    Awarding Plaintiff such other and further relief as this Court deems proper

and equitable.

      g.    A Jury Trial is demanded.

Dated:  June 22, 2005

By: _Barbara Hamelburg_

Barbara Hamelburg, Esq.
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts  02210-2600
(617) 832-1000

Lynda Schuler
Ellen E. Oberwetter
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for the Eugene B. Casey Foundation*

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE
DOCUMENT WAS SERVED UPON THE ATTORNEY OF
RECORD FOR EACH OTHER PARTY BY MAIL-HAND ON
6/22/05

- 16 -