IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MASSACHUSETTS EYE & EAR INFIRMARY, )
)
Plaintiff, )
)
vs. )
) Case No. 1:05-cv-11229 -NMG
EUGENE B. CASEY FOUNDATION and )
THOMAS F REILLY, as he is the Attorney General )
of The Commonwealth of Massachusetts, )
)
Defendants. )

**EUGENE B. CASEY FOUNDATION'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS**

MEEI's Opposition to the Motion to Dismiss fails to demonstrate the adequacy of the Complaint, and fails to set forth any cogent theory that might warrant granting leave to MEEI to amend its Complaint. Most notably, MEEI still has not alleged that it currently has a Voice Restoration Research Program that was the subject of the gift, and has not explained a theory of consideration or reliance that is consistent with Massachusetts law. Accordingly, the Court should grant the Motion to Dismiss.

I.    **MEEI's Count II Claim for Damages Is Legally Deficient.**

MEEI has provided several pages of what it claims are "additional facts," but it cannot allege the facts that are legally essential to its cause of action. The existing allegations are insufficient to show that there ever was an enforceable contract, but even if there were, it is no longer enforceable by MEEI because it cannot allege that the Program in question still exists. Thus, the purpose of the gift has failed.

### A. The Schedule of Payments Is Not Enforceable Because There Is No Consideration or Detrimental Reliance.

MEEI advances three arguments to attempt to enforce the schedule of payments. First, MEEI appears to argue that the label of "contract" in the document in and of itself makes it enforceable; second, that consideration exists because (a) the document provides that MEEI would provide biannual reports to the Foundation and (b) there is a condition that money must be spent "to do the Voice Restoration Research Program"; and third, that MEEI's research collaboration agreements and provision of space to Dr. Zeitels establish reliance. None of these arguments is legally sound.

MEEI erroneously asserts, without authority, that the nature of the schedule of payments should be controlled by its label as a "Contract." The legal effect given an agreement is not determined by the label attached to the agreement, but by the presence of consideration or detrimental reliance. See Doyle v. Hasbro, Inc., 103 F.3d 186, 194-95 (1st Cir. 1996) (explaining that for pleading purposes it is necessary to outline the elements of a breach of contract claim to survive a motion to dismiss); see also Bridge v. McHenry Truck Lines, Inc., 1998 WL 427611 *4-5 (N.D. Ill. July 24, 1998) (explaining that "the legal effect to be given an instrument is not to be determined by the label which it bears," but rather by the nature of the obligation undertaken). MEEI cannot use the document's label to circumvent the requirements for pleading, and ultimately proving, each of the elements of a breach of contract action.

There is no consideration in the schedule of payments, and there is therefore no contractual relationship. MEEI misreads the Massachusetts Supreme Court's King case when it asserts that "less 'consideration' or 'reliance'" is necessary to enforce a charitable pledge than a contract. King v. Trs. of Boston Univ., 647 N.E.2d 1196 (Mass. 1995). The King decision actually emphasized the Court's express refusal to eliminate consideration and reliance in

- 2 -

pledges, see id. at 1202, and stated that Massachusetts courts were not to "abandon fundamental principles of contract law in determining the enforceability of charitable subscriptions," such as consideration and reasonableness of the charity's reliance, even if a "different" (*not* "lower") "meeting of the minds" between a donor and a charity may be acceptable. See id.

Neither of MEEI's specific consideration theories is legally valid. First, MEEI wrongly suggests that the Foundation's direction of funds to the Voice Restoration Research Program is itself consideration – courts have found that such direction is a condition of the donation, distinct from consideration. See id. at 1200 (distinguishing consideration from condition, that donors may give personal property "with or without imposing conditions *or* demanding consideration." [emphasis added]). Massachusetts courts have found an absence of consideration even in cases where donors have imposed conditions on the use of donated funds. See Cottage Street Methodist Episcopal Church v. Kendall, 121 Mass. 528 (1877) (finding that a pledge specifically to build a chapel was a gratuitous subscription and not enforceable).[1]

Second, contrary to MEEI's theory, the status reports mentioned in the schedule of payments do not constitute consideration. The thing given for consideration must induce the donor to make the promise. See Loranger Constr. Corp. v. E.F. Hauserman Co., 384 N.E.2d 176, 180 (Mass. 1978) ("In the typical bargain, the consideration and the promise bear a reciprocal relation of motive or inducement: the consideration induces the making of the promise and the promise induces the furnishing of the consideration."). In the charitable pledge context, for

---

[1] The King case, in which the Court upheld a jury finding of consideration in a charitable pledge case, is distinguishable. In that case, the recipient of Dr. King's papers had provided consideration to the King family because it had agreed to act as a bailee for King's own physical property. As bailee, Boston University undertook the duty of a bailee to take "scrupulous care" of the papers it held, see id. at 1201, and provided a benefit to the Kings by, for example, providing "trained staff to care for the papers." See id. at 1203. In the present case, MEEI accepted a cash donation – there was no comparable benefit to the Foundation.

example, the court in Congregation Kadimah Toras-Moshe found that naming a library after the donor did not induce him to make a promise of funds, so no consideration existed. Congregation Kadimah Toras-Moshe v. DeLeo, 540 N.E.2d 691, 692 (Mass. 1989).[2] MEEI's Complaint does not allege that the reports induced the Foundation to make the promise of funds, and it could not. The Foundation made a gratuitous pledge to fund "the Voice Restoration Research Program under the direction of Steven Zeitels, M.D." For MEEI's theory of consideration to be valid, MEEI would, at a minimum, have to allege in its Complaint (and ultimately prove) that the Foundation pledged $2,000,000.00 to MEEI because it wanted laryngology reports in exchange. The logical extension of MEEI's position would be that a recipient's agreement to provide a gift receipt or a regular accounting of the use of funds to a donor constitutes "consideration" for the donation – it is not a question of whether such items are too *de minimis* to qualify as consideration, but rather a question of whether such items are properly deemed consideration at all. The Complaint contains no allegation that the laryngology reports were a "bargained for exchange" inducing the Foundation to make its pledge, and such a theory makes no sense.

MEEI's reliance argument also fails. MEEI has not pleaded facts legally sufficient to allege how it relied on the Foundation's pledge – much less that it relied reasonably or to its detriment. See Mot. to Dismiss at 13-16. MEEI has asserted two additional theories of reliance in its Opposition brief – that it entered into Collaborative Research agreements with other facilities, and that it provided space and other support to Dr. Zeitels. MEEI has not even

---

[2] MEEI is simply incorrect when it asserts that the Court in Congregation Kadimah Toras-Moshe cited with approval a New York decision holding that an implicit commemoration of a donor gave rise to consideration. See Opp. at 9 n.7. Congregation Kadimah Toras-Moshe actually contrasted the New York case with its own holding. See id. at 692-93.

- 4 -

attempted to explain how these alleged commitments were reasonable or detrimental, and so MEEI should not be permitted to proceed on a reliance theory.

### B. Even if There Were a Contract, It Is Unenforceable if MEEI Cannot Allege the Voice Restoration Research Program Still Exists.

MEEI's Complaint on its face does not allege the breach of any promise made. The Foundation pledged funding to "do the Voice Restoration Research Program," so for MEEI's claim to proceed past the Motion to Dismiss stage, it is required to plead that the Program, which was the donor's specific purpose, still exists. See Dodge v. Anna Jaques Hosp., 17 N.E.2d 308, 310-11 (Mass. 1938) (finding a donor to be entitled to a return of donated funds when the "limited purpose for which the plaintiff made his donation" was not continued). Instead, MEEI continues to engage in verbal gymnastics in its Opposition to avoid confessing that there is no Voice Restoration Research Program at MEEI (much less the specific Program that was under the direction of Dr. Zeitels, as acknowledged by MEEI's letter transmitting the signed schedule of payments).[3] Under Massachusetts law, it is irrelevant whether MEEI continues to perform voice research generally. MEEI does not dispute that because the schedule

---

[3] For MEEI's assertions that it can perform voice research, while ignoring the schedule of payments' express condition that funds go to "the Voice Restoration Research Program", see: "MEEI has "capability to conduct a 'voice restoration research program'" [sic] (Opp at 4); "MEEI can and will conduct a voice restoration research program" (Opp. at 4); "MEEI has been a pre-eminent institution in the conduct of research on voice restoration" (Opp. at 3); MEEI has a "willingness and commitment to deliver any Program within the meaning of the contract" (Opp. at 6); "MEEI likewise is entitled to demonstrate that it has not 'abandoned' its commitment to voice restoration research or lost its ability to complete the program" (Opp. at 6); "what the Institute is doing with Foundation money will be probative on the issue whether MEEI is capable of providing the same or superior voice restoration research work with the money the Foundation contracted to provide." (Opp. at 7). Only once does MEEI ambiguously state, "MEEI's Voice Restoration Research Program reflects MEEI's longstanding and ongoing commitment to voice restoration research," Opp. at 5, while still failing to flatly assert that MEEI still has a Voice Restoration Research Program as stated in the schedule of payments. MEEI's own Complaint acknowledged that it is still in the process of searching for a director of its Department of Laryngology. See Compl. ¶ 21.

of payments document identified the "Voice Restoration Research Program" (with all capital letters), the document unambiguously contemplated a specific and identifiable Program. See Mot. to Dismiss at 9-10.[4] This specific Program was, to use Dodge's terminology, the donor's "limited purpose." If the Program to be funded does not exist, there can be no actionable breach of a promise  There is no basis for factual development by MEEI if MEEI cannot even bring itself to plead in a straightforward manner that the Voice Restoration Research Program identified by the parties in the schedule of payments (and MEEI's attached transmittal letter) still exists at MEEI. In fact, Dr. Zeitels moved the entire Program to Massachusetts General Hospital. Further, the Complaint should be dismissed with prejudice because, having been given a clear opportunity to make this assertion, MEEI's Opposition brief still fails to allege in a straightforward way that the Voice Restoration Research Program currently exists at MEEI.

## II.     MEEI's Count I Declaratory Judgment Claim Is Best Addressed by the Foundation's Counterclaims.

The Court should also dismiss Count I and substitute the Foundation's Counterclaims for MEEI's Declaratory Judgment Count. With respect to the $1,000,000.00 already donated by the Foundation to MEEI, the Foundation is the natural plaintiff for the return of that money and MEEI does not deny that it filed the declaratory judgment action simply to preempt the Foundation's own claim. And, as explained in the opening brief, MEEI's premise for keeping the Declaratory Judgment Count is flawed – that Count does not fully join issue with the theories in the Foundation's Counterclaims – only one paragraph out of five from Count I is

---

[4] MEEI has also invoked the rule that ambiguities are construed against the drafter with a supposed concession by the Foundation that it drafted the Agreement. See Opp. at 8. Paragraph 23 of the Counterclaims, cited by MEEI on this point, says only that the Foundation "sent to MEEI a schedule of payments," and does not contain any statement about who drafted it.

- 6 -

relevant to the Foundation's Counterclaims, which would confuse the issues at trial. The Court would be well within its discretion to dismiss the Declaratory Judgment action.

Dated: July 20, 2005

Respectfully submitted,

By: /s/ Barbara S. Hamelburg

Barbara S. Hamelburg, Esq.
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

Lynda Schuler
Ellen E. Oberwetter
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for the Eugene B. Casey Foundation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing document was served this date, July 20, 2005, via first-class mail, postage prepaid to the following:

> John C. Kane, Jr.
> Ropes & Gray LLP
> One International Place
> Boston, MA 02110-2624
>
> Jamie Katz
> Office of the Attorney General
> McCormack Building
> One Ashburton Place
> Boston, MA 02108

_____
Barbara S. Hamelburg