IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS EYE & EAR INFIRMARY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> EUGENE B. CASEY FOUNDATION and ) <br> THOMAS F. REILLY, as he is the Attorney General ) <br> of The Commonwealth of Massachusetts, ) <br> ) <br> Defendants. ) | Case No. 1:05-cv-11229-NMG |

**OPPOSITION OF EUGENE B. CASEY FOUNDATION TO MOTION OF PLAINTIFF MEEI FOR LEAVE TO FILE SUPPLEMENTAL OPPOSITION**

The Eugene B. Casey Foundation (the "Foundation") opposes MEEI's Motion for Leave to File Supplemental Opposition because the proposed Supplemental Opposition does nothing to advance the legal issues in the Foundation's pending Motion to Dismiss, and because the proposed Opposition is a patently improper effort to put before the Court out-of-context documents and interrogatory responses from the limited discovery that has occurred to date. The Foundation's pending Motion to Dismiss made two primary arguments for dismissal: (1) that MEEI has failed to allege facts that the Schedule of Payments signed by the Foundation was a binding contract; and (2) that MEEI has failed to allege that it still has the Voice Restoration Research Program under the direction of Dr. Steven Zeitels as identified in the Schedule of Payments. MEEI does not say what its proposed Supplemental Opposition has to do with either of these arguments.[1] For supplemental briefing to be warranted, MEEI must demonstrate some

---

[1] In fact, MEEI's briefing appears to be more in the nature of a Motion for Summary Judgment as to some or all of the Foundation's Affirmative Defenses, although MEEI does not say which ones. (See Mot. for Leave to File Supp. Opp. at 3 ("the evidence

relationship between the proposed Supplemental Opposition and the legal issues on which the Foundation has moved under Fed. R. Civ. P. 12(b)(6). It does not suffice to baldly assert that the new briefing relates to "fundamental factual representations" in the Foundation's Motion to Dismiss – it does not make sense even to discuss "fundamental factual representations" made by a Motion to Dismiss. The issue in a Motion to Dismiss is whether the <u>plaintiff's</u> <u>Complaint</u> contains the requisite factual representations.

The content of the proposed Supplemental Opposition makes clear that MEEI is simply looking for an excuse to accuse the Foundation of making intentional falsehoods (see Supplemental Opposition at 1, n.1), about the activities of another 501(c)(3) organization, the Institute of Laryngology and Voice Restoration ("ILVR"). The proposed Supplemental Opposition is logically deficient in its effort to demonstrate a factual contradiction, much less an intentional "falsity." MEEI simply has no basis to state that the funds given to the ILVR were not or are not being used wholly or in part to do the Voice Restoration Research Program, in no small part because it has taken <u>no</u> formal third party discovery to date, <u>including from the ILVR</u>. MEEI likewise can demonstrate nothing about the Foundation's ultimate prospect for prevailing on its case (much less the Motion to Dismiss) simply by pointing to the Foundation's <u>proper</u> objections to interrogatories seeking sworn statements about the activities of the ILVR. The Foundation and the ILVR are separate entities, and the Foundation cannot truthfully

---

discovered to date strongly indicates the Foundation cannot prevail on the merits of its affirmative defenses.")) If the Court elects to treat the Foundation's Motion for Supplemental Opposition as a Motion for Summary Judgment on the Foundation's Affirmative Defenses (about which there was no briefing in the pending Motion to Dismiss), the Foundation respectfully submits that such a Motion is premature and should not be decided pending completion of fact discovery.

2

provide sworn first-hand responses about the ILVR's activities, which is what MEEI attempted to obtain. First-hand statements about the ILVR's activities must be sought from the ILVR.

### Conclusion

The proposed Supplemental Opposition is legally irrelevant to the issues briefed in the pending Motion to Dismiss. Further, MEEI cannot demonstrate any actual factual contradiction. The Motion to file a Supplemental Opposition should be denied and should not be made part of the record on the Motion to Dismiss because it does nothing to advance the pending issues.

Dated: December 28, 2005.

Respectfully submitted,

By: *Barbara Hamelburg (sr)*

Barbara Hamelburg, Esq.
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

Lynda Schuler, Esq.
Ellen E. Oberwetter, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for the Eugene B. Casey Foundation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing document was served this date, December 28, 2005, by hand, to the following:

> John C. Kane, Jr.
> Ropes & Gray LLP
> One International Place
> Boston, MA 02110-2624
>
> Jamie Katz
> Office of the Attorney General
> McCormack Building
> One Ashburton Place
> Boston, MA 02108

_____
Barbara S. Hamelburg