United States District Court
District of Massachusetts

```
                                    )
MASSACHUSETTS EYE & EAR             )
INFIRMARY,                          )
                                    )
          Plaintiff,                )     Civil Action No.
                                    )     05-11229-NMG
     v.                             )
                                    )
EUGENE B. CASEY FOUNDATION and      )
THOMAS F. REILLY,                   )
                                    )
          Defendants.               )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

The plaintiff, Massachusetts Eye & Ear Infirmary ("MEEI"), brings an action against the Eugene B. Casey Foundation ("the Foundation") and Thomas F. Reilly ("Reilly"), the Attorney General of Massachusetts, seeking a declaratory judgment and damages arising out of an alleged contract dispute with the Foundation. The Foundation moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Having reviewed the memoranda in support of and opposition to the motion, the Court resolves it as follows.

I.   Jurisdiction

MEEI is a Massachusetts corporation with its principal place of business in Massachusetts. The Foundation is a tax exempt

-1-

entity with its principal place of business in Maryland. Reilly is included in the suit because he is the official charged with the responsibility of overseeing Massachusetts charitable organizations and the protection of charitable assets.

The case was originally filed in state court but was removed here on diversity grounds. In removing the case, the Foundation claims that there is diversity because non-diverse defendant Reilly has been fraudulently joined. In MEEI's complaint, Reilly is mentioned in just two of the 36 paragraphs and MEEI does not allege that the Attorney General has caused, or threatened to cause, harm to it or that he owes it any duty. MEEI states simply that the Attorney General "has statutory responsibility for the oversight of Massachusetts charities and the protection of charitable assets." That does not, on its face, state a cause of action and MEEI does not explain how it could obtain a judgment against Reilly on these facts. The complaint, therefore, fails to allege any viable cause of action against the Attorney General and this Court concludes that he has been improperly joined. Thus, the Attorney general's citizenship will be ignored for diversity purposes and the Court will not remand the case to state court. See Coughlin v. Nationwide Mut. Ins. Co., 776 F. Supp. 626, 628-29 (D. Mass. 1991).

## II. Factual Background

According to the complaint, on or about November 27, 2002, the Foundation and MEEI entered into a contract whereby the Foundation promised to make a substantial gift to MEEI in seven installments totaling $2 million to be used in connection with MEEI's Voice Restoration Research Program. MEEI understood the agreement to be that the gifts were to be used solely in support of voice restoration research. At the time of the donation, MEEI's voice restoration program was under the direction of Dr. Steven Zeitels, one of the nation's leading laryngologists, but MEEI insists that the gift was not conditioned on Dr. Zeitels's continued employment.

On May 12, 2004, Dr. Zeitels informed MEEI that he would resign effective June 30, 2004. On June 8, 2004, the Foundation informed MEEI that it would no longer support MEEI's voice restoration program in the absence of Dr. Zeitels. MEEI alleges that the Foundation 1) demanded the return of the portion of its gift previously submitted but not already expended (approximately $1 million) and 2) refused to make the gifts promised in the remaining installments (an additional $1 million). MEEI insists that its voice restoration studies will continue with a different research team.

MEEI seeks 1) a declaratory judgment that MEEI may retain the money it has already received and 2) damages for breach of

contract for the Foundation's failure to pay the remainder of the promised gift.

The Foundation denies all material elements of the claims and offers 11 affirmative defenses, including an assertion that the gift is unenforceable for failure of consideration and because MEEI has not performed as promised. The Foundation also asserts that MEEI has failed to state a claim upon which relief can be granted.

The Foundation has filed counterclaims against MEEI, alleging that it is entitled to the return of the portion of the prior donations not yet expended by MEEI on the Voice Restoration Research Program. The Foundation alleges that 1) the gift was directly tied to the Voice Restoration Research Program and, more specifically, to Dr. Zeitels's direction of the Program and 2) when Dr. Zeitels left MEEI, the Voice Restoration Research Program ceased to exist and the "trust" in which the monies were held by MEEI, failed. As a result of that failure, the Foundation contends that it is entitled to a refund of the money not yet expended on voice restoration research and to a release from any further obligation to make additional gifts.

The Foundation counterclaims for 1) a return of the unexpended funds on the theory that when Dr. Zeitels resigned, the purpose of the donation failed and a resulting trust was created, 2) an accounting of the funds already donated, 3)

imposition of a constructive trust on interest earned on the money held by MEEI and 4) conversion. MEEI's answer to the counterclaims denies all material elements and asserts six affirmative defenses, including failure to state a claim.

The Foundation has filed a motion to dismiss MEEI's claims for failure to state a claim. The Foundation asserts that the Court should dismiss MEEI's claim for declaratory judgment under its discretionary power on the grounds that the issue is better addressed in the context of the Foundation's counterclaim for an accounting. The Foundation also contends that the Court should dismiss MEEI's claim for damages on the grounds that the money was pledged to the "Voice Restoration Program" which ceased to exist when Dr. Zeitels left MEEI and thus that MEEI has failed to state a claim upon which relief can be granted.

### III. Discussion

#### A. Legal Standard

A court may not dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In considering the merits of a motion to dismiss, the court may look only to the facts alleged

in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000).

Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollett, 83 F. Supp. 2d at 208.

### B. Analysis

#### 1. Contract Damages Claim

The Foundation faces a significant challenge in its effort to persuade this Court to dismiss MEEI's contract damages claim. The Foundation's principle argument is that the document in question is not a contract but is rather merely a schedule of payments. The most compelling piece of evidence confronting the Foundation is, however, the fact that the document in dispute is entitled "CONTRACT". Although the parties dispute whether the Foundation drafted the document, that inference can certainly be drawn from the statement at Paragraph 23 of its counterclaims which states that it "sent to MEEI a schedule of payments, to be

made for the Voice Restoration Research Program." Moreover, in subsequent correspondence, the Foundation referred to the disputed document as "our contractual agreement of November 27, 2002."

The Foundation is quick to point out that "the legal effect given an agreement is not determined by the label attached to the agreement, but by the presence of consideration or detrimental reliance." See Doyle v. Hasbro, Inc., 103 F.3d 186, 194-95 (1st Cir. 1996). MEEI responds that consideration and reliance exist with respect to the disputed document and, thus, there is a contract. The Court examines those contentions in order.

### a.  Standard for Reviewing Consideration and Reliance in the Context of Charitable Pledges

As a threshold matter, the parties disagree on the standard by which courts are to review consideration and reliance questions in the context of charitable pledges (also called subscriptions). MEEI asserts that courts may relax their standards and require a lesser showing of consideration or reliance in such cases while the Foundation argues that courts have adopted no such relaxation. The dispute revolves principally around the seminal case of King v. Trustees of Boston University, 420 Mass. 52 (1995). The critical passage from that decision is:

> [W]hile we have been unwilling to abandon fundamental
> principles of contract law in determining the enforceability
> of charitable subscriptions, we do recognize that the

> "meeting of minds" between a donor and a charitable institution differs from the understanding we require in the context of enforceable arm's-length commercial agreements. Charities depend on donations for their existence, whereas their donors may give personal property on conditions they choose, with or without imposing conditions or demanding consideration.

Id. at 61 (internal citations omitted). As this Court understands the King decision, MEEI's contention for a lower standard for evaluating consideration and reliance in the context of charitable pledges is overblown. Rather, the King decision teaches that a different (rather than lower) standard should be applied, acknowledging the unique circumstances presented by charitable subscriptions versus traditional contracts and analyzing consideration and reliance issues in light of those circumstances.

### b. Consideration

With that matter resolved, the Court addresses MEEI's contention that the agreement in question was supported by consideration. MEEI makes a colorable argument to support that position. First, it demonstrates that it made a promise to the Foundation to use the gift for an express purpose and not for any other purpose. In fact, in Paragraph 29 of the Foundation's counterclaims, it acknowledges that:

> [I]n accepting the Foundation's gift of a projected $2,000,000.00, MEEI understood that the clear language of the schedule of payments required that it use those funds only "to do the Voice Restoration Research Program...."

Moreover, the terms of the disputed agreement require that MEEI

-8-

"shall send written reports" of the work every six months to the Foundation as well as a final report upon completion of the project. Even if this Court were to apply the traditional standard for evaluating consideration, those facts tend to demonstrate that consideration was given for the gift.

### c. Reliance

Were this Court disinclined to find consideration, the complaint alleges, nevertheless, at least one kind of reliance. Under Massachusetts case law:

> When a promise is enforceable in whole or in part by virtue of reliance, it is a "contract," and it is enforceable pursuant to a "traditional contract theory" antedating the modern doctrine of consideration.

Loranger Const. Corp. v. E.F. Hauserman Co., 376 Mass. 757, 761 (1978). In Paragraph 35 of the complaint, MEEI asserts that

> [g]ifts have been solicited by MEEI from donors other than the Foundation in reliance upon the understanding that the Foundation had agreed to contribute $2,000,000 to MEEI for voice restoration research.

MEEI alleges in its opposition that it took other steps in reliance on the size and certainty of the Foundation's installment gifts, including: 1) entering into and extending Collaborative Research Agreements with Massachusetts General Hospital and Massachusetts Institute of Technology and 2) providing space and other support for Dr. Zeitels to perform voice restoration research.

For purposes of a motion to dismiss, this Court may depend

upon MEEI's single allegation of reliance in the complaint. However, the case law in Massachusetts is neither clear nor particularly developed with respect to what constitutes reliance in the context of a charitable contribution. The Foundation argues that Massachusetts law expressly repudiates the suggestion that merely collecting other donations or subscriptions interdependent on the original donation creates sufficient detrimental reliance but the cases cited are unpersuasive. See Congregation Kadimah Toras-Moshe v. DeLeo, 405 Mass. 365 (1989); Ladies' Collegiate Inst. v. French, 82 Mass. 196 (1860). This Court rejects the Foundation's contention that it should not have reasonably expected MEEI to solicit other donations in support of the Voice Restoration Research Program based on its contribution.

### d. Continued Existence of the Voice Restoration Research Program at MEEI

In one last effort to dispose of MEEI's complaint, the Foundation argues that, even if the agreement is a contract, it is nevertheless unenforceable because MEEI has not alleged (and cannot allege) that the Voice Restoration Research Program still exists. Where the limited purpose for which a donation has been made is abandoned, the recipient holds the funds in a resulting trust to be returned to the donor. See Dodge v. Anna Jaques Hosp., 301 Mass. 431, 436 (1938).

It is, at most, unclear whether MEEI has abandoned the Voice Restoration Research Program. It engages in verbal gymnastics

throughout its opposition in an apparent attempt to avoid addressing the issue forthrightly. MEEI describes its current ability to conduct a voice restoration research program but the Foundation responds that MEEI is incapable of carrying out the Voice Restoration Research Program specifically referred to in the agreement by virtue of the departure of Dr. Zeitels.

What is clear at this stage of the litigation is that further discovery is necessary to determine what the parties intended by the use of the title: "Voice Restoration Research Program". Until that issue is addressed, this Court will not presume that MEEI has abandoned the program.

Thus, drawing all inferences in the plaintiff's favor and for the foregoing reasons, this Court finds that MEEI has stated a claim for contract damages.

### 2.   Declaratory Judgment Claim

In Count I of the complaint, MEEI seeks a declaratory judgment that it may retain the installments of the gift, totaling $1 million, it has already received from the Foundation. The Foundation responds that its counterclaim for a return of the money obviates the need for MEEI's declaratory judgment claim. The First Circuit Court of Appeals has held that

> [t]he Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant"; courts have broad discretion to decline to enter a declaratory judgment.

DeNovellis v. Shalala, 124 F.3d 298, 313 (1st Cir. 1997). In

addressing the appropriateness of declaratory relief, courts should consider whether such relief would comport with "practicality and wise judicial administration." Id. Moreover, courts should be mindful that the declaratory judgment remedy "is *not a tactical device* whereby a party who would be a defendant in a coercive action may choose to be a plaintiff if he can beat the other party to the courthouse." Hudson County News Co. v. Metro Assocs., Inc. 141 F.R.D. 386, 392 (D. Mass. 1992)(emphasis in original).

This Court respects the right of a natural plaintiff to shape his or her own claims and not have them shaped by the opposing party. In the context of this case, however, MEEI's claim for declaratory judgment bears the undeniable mark of a party that has used that method as a tactical device in a race to the courthouse. Specifically, the complaint alleges in Paragraph 22 that the Foundation "demanded return of the unexpended portion of the $1,000,000 delivered in 2002 and 2003" and threatened to bring suit by May 13, 2005. MEEI filed suit on May 11, 2005, two days before the Foundation's self-imposed deadline, seeking a declaratory judgment that it be permitted to retain the $ 1 million already received from the Foundation, plus additional affirmative relief. The declaratory judgment claim was a preemptive strike and will be dismissed.

**ORDER**

In accordance with the foregoing, Defendant's Motion to Dismiss (Docket No. 5) is, with respect to Count I of the Complaint (declaratory judgment), **ALLOWED,** but is, in all other respects, **DENIED.** Plaintiff's Motion for Leave to File Supplemental Opposition to Defendant's Motion to Dismiss (Docket No. 19) is **DENIED AS MOOT.**

**So ordered.**

  /s/ Nathaniel M. Gorton
  Nathaniel M. Gorton
  United States District Judge

Dated February 23, 2006